SAVOIE, Judge.
Defendant, Charlene Smith, appeals her sentence for aggravated battery, claiming it is excessive.
On July 23, 1984, defendant pled not guilty to the charge of attempted second degree murder arising out of a May 26, 1984, incident. Said charge was subsequently reduced to aggravated battery to which the defendant pled guilty. On March 21, 1985, defendant was sentenced to five years with the Department of Corrections. From this sentence defendant appeals.
Defendant’s sole assignment of error is that the trial court erred when it imposed an excessive sentence. Specifically, defendant asserts that the trial court failed to follow the sentencing guidelines provided in LSA-C.Cr.P. art. 894.1.
Louisiana Code of Criminal Procedure Article 894.1 sets forth certain items which the court must consider prior to passing sentence. While the court need not enumerate the article’s entire checklist, the record must reflect that the court adequately considered the article’s guidelines. State v. Davis, 448 So.2d 645 (La.1984). In reviewing an excessive sentence, the guidelines of Article 894.1, circumstances of the *637 crime, and the trial judge’s stated reasons and factful basis for the sentence are to be considered. State v. Cox, 369 So.2d 118 (La.1979). These considerations having been made, the court has wide discretion in imposing a sentence within statutory limits. State v. Sepulvado, 367 So.2d 762 (La.1979). A sentence imposed will not be set aside absent manifest abuse of such discretion. State v. Wardlow, 448 So.2d 257 (La.App. 1st Cir.1984).
In the matter sub judice, the record reflects that a presentence investigation report was made. Based thereon, the trial court noted at the sentencing hearing that this was defendant’s first felony conviction. He also noted that although the record did not reflect so, there were previous arrests for simple battery. Defendant’s alcoholic condition at the time of the incident was noted not to excuse her stabbing of the victim. Moreover, the court stated that the victim had accumulated approximately sixty thousand dollars in hospital bills which the defendant would more than likely never be able to pay.
In mitigation, the court noted that the defendant’s actions after the incident probably saved the victim’s life and that she expressed remorse over the action taken. While not specifically noted by the trial court, the record indicates that the Department of Corrections, based upon its pretrial investigation, suggested incarceration. Lastly, the trial court noted that the defendant had received the benefit of a most favorable reduction of the original charge. Based upon these faets, the trial court sentenced defendant to five years with the Department of Corrections.
LSA-R.S. 14:34 provides for a sentence with or without hard labor for not more than ten years and/or a fine of not more than five thousand dollars. We cannot say that the sentence imposed is excessive under the circumstances. See State v. Andrews, 451 So.2d 175 (La.App. 1st Cir.); writ denied, 457 So.2d 17 (La.1984).
For the above and foregoing reasons, sentence of the trial court is hereby affirmed. Defendant is to pay all costs.
AFFIRMED.