GARRISON, Judge.
The defendant, Hercules Bodie, was charged by bill of information with aggravated battery in violation of LSA-R.S. 14:34.[1] After being found guilty as charged, the defendant was sentenced to ten years at hard labor with credit for time served. He now appeals his conviction and sentence.
On November 11, 1983, at approximately 11:30 p.m., Raymond Laurich, a resident at the Volunteers of America dormitory at 917 Toulouse Street in New Orleans, heard a sound while in his bed in the dormitory *400 room. Laurich looked up and saw the defendant urinating on the floor beside the defendant’s bed. Laurich then went upstairs and notified the residential supervisor, Paul McWhorter, of this incident which was a violation of the dormitory rules. McWhorter accompanied Laurich back to the dormitory room and told the defendant that he would have to leave the premises due to this rule violation. The defendant denied urinating on the floor and asked McWhorter who had reported this incident to him. According to the testimony of McWhorter and Laurich, the defendant reacted violently when told that Laurich had reported the incident to McWhorter. At that time, the defendant went to his locker, took out a knife and attacked Laurich, stabbing him in the stomach. McWhorter told an employee to summon the police who arrived shortly thereafter and arrested the defendant for aggravated battery.
The defendant claims that he was sleeping when McWhorter awakened him and accused him of urinating on the floor. After McWhorter told the defendant that Laurich had reported the incident, the defendant contends that he approached Lau-rich and noticed that he was wearing a watch which belonged to the defendant. According to the defendant, Laurich realized that the defendant was looking at the watch and grabbed a nearby radio with which he attempted to strike the defendant. The defendant claims that he then stabbed Laurich in self-defense.
A review of the record reveals that there are no errors patent.
In his only assignment of error, thé defendant contends that the trial court erred in denying his motion for mistrial. This motion was based upon the prosecutor’s questions to the defendant at trial concerning defendant’s prior convictions. Specifically, the defendant argues that because the prosecution did not introduce certified copies of the F.B.I. record sheet into evidence prior to questioning the defendant, a proper predicate was not established and a mistrial was warranted.
There is no merit whatsoever in the defendant’s argument. LSA-R.S. 15:495 states as follows:
“Evidence of conviction of crime, but not of arrest, indictment or prosecution, is admissible for the purpose of impeaching the credibility of the witness, but before evidence of such former conviction can be adduced from any other source than the witness whose credibility is to be impeached, he must have been questioned on cross-examination as to such conviction, and have failed distinctly to admit the same; and no witness, whether he be defendant or not, can be asked on cross-examination whether or not he has ever been indicted or arrested, and can only be questioned as to conviction, and as provided herein.”
It is well established that evidence of prior convictions is admissible to question a defendant’s credibility when he chooses to take the stand and testify in his own behalf. LSA-R.S. 15:495; State v. Chenier, 343 So.2d 177 (La.1977). In this case, the prosecutor questioned the defendant about his prior convictions as indicated on the defendant’s F.B.I. record sheet. The prosecutor never attempted to introduce the record sheet into evidence. The only evidence adduced at trial concerning the defendant’s prior convictions was the testimony of the defendant whose credibility was being impeached. Such evidence is clearly admissible under the above-mentioned statute and the jurisprudence. Because no jurisprudence exists suggesting that the mandatory mistrial article, LSA-C.Cr.P. art. 770, comes into play in this situation, we conclude that the trial judge did not err in denying the defendant’s motion for mistrial.
Therefore, for the reasons stated above, the defendant’s conviction and sentence are affirmed.
AFFIRMED.

. LSA-R.S. 14:34 states:
Aggravated battery is a battery committed with a dangerous weapon.
Whoever commits an aggravated battery shall be fined not more than five thousand dollars, imprisoned with or without hard labor for not more than ten years, or both.