511 So.2d 1181 (1987)
STATE of Louisiana
v.
Thomasine FRANCOSI.
No. KA-6925.
Court of Appeal of Louisiana, Fourth Circuit.
July 8, 1987.
Rehearing Denied September 24, 1987.
*1182 William J. Guste, Jr., Atty. Gen., William B. Faust, III, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Rockne L. Moseley, Asst. Dist. Atty., New Orleans, for plaintiff-appellee State of Louisiana.
Morris W. Reed, New Orleans, for defendant-appellant Thomasine Francosi.
BARRY, KLEES and BYRNES, JJ.
KLEES, Judge.
Defendant, convicted of aggravated battery, appeals her conviction and sentence. We affirm.
On May 16, 1986, the teachers, parents and students of John Diebert Elementary School were holding their annual school picnic in City Park. The school principal, Ms. Nancy Hayden, was informed by one of the teachers that the defendant, Thomasine Francosi, was drinking alcohol and making a scene. When Ms. Hayden questioned defendant about her behavior, defendant denied that there was wine in her glass, claiming that she was drinking gingerale. Heated words were exchanged, and the two women separated.
About one hour later, defendant, holding a wine glass, approached Ms. Hayden and attempted to resume their argument. As Ms. Hayden turned away, defendant threw the contents of her wine glass in Ms. Hayden's face. According to several witnesses, defendant then struck Ms. Hayden in the face with the glass, shattering the glass and severely cutting the victim's face.
At trial, defendant admitted having thrown liquid in Ms. Hayden's face, but denied that she had intentionally hit her with the wine glass. Ms. Hayden also testified, and two eyewitnesses corroborated her version of the incident Defendant, who was known as "Mrs. Johnson" to the faculty of the school, also admitted to having used aliases in the past and to having prior convictions for armed robbery in 1960, and for possession of a weapon and endangering a child in 1976.
After hearing the testimony, a six-member jury found defendant guilty of aggravated battery, for which she was sentenced to serve six years. On appeal, defendant asserts five assignments of error, all of which we find to be without merit.
By her first assignment of error, defendant contends that the trial court erred by allowing the victim to testify as to hearsay statements made to her by another teacher. When Ms. Hayden was asked to relate how she had first come in contact with the defendant on May 16th, she responded that she had been approached by a kindergarten teacher and told the following:
WITNESS:
She said, "What do we have here? A drinking contingent today at the picnic." I said, "What are you talking about?" She said, "Mrs. Johnson over there is dancing like a dancer on Bourbon Street."
BY MR. WARNER:
Q. Please continue, ma'am.
A. She said, "Her shirt is all fringed and she's twirling her breasts and her shirt, and she's drinking something. I don't know what she's drinking, wine or pina coladas. I said, "Oh, no. Let me go check and see what's happening."
(Tr. 51).
Hearsay is "testimony in court, or written evidence, of a statement made out of court, the statement being offered as an assertion to show the truth of matters asserted therein, and thus resting for its value upon the credibility of the out-of-court asserter." State v. Martin, 356 So.2d 1370, 1373-74 (La.1978) (wherein the Court adopted this definition of hearsay from C. McCormick, Evidence, § 246 (Cleary ed. 1972)). In the instant case, the statements *1183 objected to are not hearsay because they were not offered to prove the truth of the matter asserted, i.e., that defendant was drinking and dancing suggestively, but rather were offered to show why Ms. Hayden originally approached defendant. The purpose of the statements was to show Ms. Hayden's state of mind at the time. As the Supreme Court has held:
An out of court statement may be used circumstantially to show its effect on the state of mind of a person who heard the statement.... [S]tate of mind evidence is admissible only if the particular person's state of mind which is being shown is itself in issue or is relevant to prove a fact in issue.... The fact that the statement is offered for a nonhearsay purpose does not alone make the statement admissible; the general requirement of relevance must also be met....
State v. Martin, 458 So.2d 454, 460-61 (La.1984) (citations omitted). In this instance, the challenged statements are not hearsay, but are proper state-of-mind evidence. Furthermore, Ms. Hayden's state of mind is relevant to prove why she originally confronted the defendant. Thus, the trial court correctly admitted the evidence.
By her second assignment of error, defendant contends that the trial court erred by allowing the introduction into evidence of the wine glass allegedly used in the attack. Specifically, she argues that the wine glass should not have been admitted because the State failed to prove an unbroken chain of custody to establish that the broken goblet introduced at trial was the same one used in the attack.
In State v. Sweeney, 443 So.2d 522, 528 (La.1983), the Court defined the standards for the admission of demonstrative evidence:
To admit demonstrative evidence at trial, the law requires that the object be identified. The identification can be visual, that is, by testimony at the trial that the object exhibited is the one related to the case. It can also be identified by chain of custody, that is, by establishing the custody of the object from the time it was seized to the time it was offered in evidence. State v. Drew, 360 So.2d 500 (La.1978). The law does not require that the evidence as to custody eliminate all possibilities that the object has been altered. For admission, it suffices if the custodial evidence establishes that it is more probable than not that the object is the one connected with the case.
Here, the police officer who appeared at trial testified that he had received the broken wine glass from Ms. Cecil, a teacher at Diebert. Ms. Cecil testified she had received the glass from a parent on the scene. Ms. Maillho, another parent, testified that she had witnessed the incident, picked up the wine glass from the ground, and given it to another parent who in turn had given it to Ms. Cecil. Thus, a chain of custody of the glass was established at trial. In addition, both Ms. Hayden and Ms. Woods, another teacher who witnessed the incident, identified the glass as the one used in the attack, and both testified that defendant was the only person at the picnic who was drinking from a glass like that. Thus, the State clearly established that it was more probable than not that the wine glass introduced at trial was the one used in the attack. Assignment two has no merit.
By her third assignment, defendant contends that the trial court erred by admitting a photograph of Ms. Hayden taken at the hospital showing the extent of her injuries. She contends that this photograph should not have been admitted because the photographer was not present to attest to its accuracy, and no attempt was made to show his unavailability.
A photograph is admissible if a witness testifies that it is "a correct and accurate representation of what was personally observed by that witness." State v. Moore, 419 So.2d 963, 966 (La.1982); State v. Braud, 475 So.2d 29, 32 (La.App. 4th Cir. 1985), writ denied 480 So.2d 739 (La.1986). In this case, although Ms. Hayden testified she could not exactly remember a picture being taken of her face while she was being treated at the hospital, she did testify that the picture accurately depicted how her face appeared prior to surgery. Therefore *1184 the trial court properly admitted the photograph.
By her fourth assignment of error, defendant contends that the trial court erred in overruling her counsel's objections to the prosecutor's questions about her prior convictions. Specifically, she alleges that because her prior convictions were twenty-seven and eleven years old, respectively, they were irrelevant to the issue of whether or not she had committed the crime for which she was being tried.
Questions to a defendant concerning his prior convictions are permissible under R.S. 15:495, which provides that evidence of prior convictions is admissible for the purpose of impeaching the defendant's credibility. State v. Truitt, 500 So.2d 355 (La.1987); State v. Sweeney, supra; State v. Bodie, 480 So.2d 399 (La.App. 4th Cir.1985), writ denied 483 So.2d 1010 (La.1986). In addition, the Louisiana Supreme Court has held that impeachment testimony is not limited to recent crimes. State v. Hartman, 388 So.2d 688 (La.1980); State v. Rossi, 273 So.2d 265 (La.1973). Therefore, the trial court did not err by allowing the prosecutor to question defendant about her prior convictions.
By her final assignment of error, defendant asserts that the trial court erred by imposing an excessive sentence. Defendant was sentenced to serve six years at hard labor. Under R.S. 14:34, the maximum sentence she could have received is ten years at hard labor.
Article I, Section 20 of the 1974 Louisiana Constitution prohibits the imposition of excessive punishment. A sentence may be reviewed for excessiveness even though it is within statutory limits. State v. Cann, 471 So.2d 701 (La.1985); State v. Thomas, 447 So.2d 1053 (La.1984). The imposition of a sentence, although within the statutory limits, may be unconstitutionally excessive if it is "grossly out of proportion to the severity of the crime" or "is nothing more than the purposeless imposition of pain and suffering." State v. Brogdon, 457 So.2d 616, 625 (La.1984), cert. den.; Brogdon v. Louisiana, 471 U.S. 1111,105 S.Ct. 2345, 85 L.Ed.2d 862 (1985).
To ensure adequate review by the appellate court, there must be an indication in the record that the trial court has considered both the aggravating and mitgating factors set forth in Code of Criminal Procedure article 894.1 in determining the defendant's particular sentence. State v. Cann, supra; State v. Thomas, supra; State v. Quebedeaux, 424 So.2d 1009 (La.1982).
In this case, the record reflects that the trial judge more than adequately complied with article 894.1. At the sentencing hearing, he allowed testimony from two witnesses concerning defendant's good character, as well as allowing the defendant herself to testify. The trial judge noted that he had received many letters from friends of the defendant asking for leniency, as well as letters from school associations stressing the seriousness of the crime. After noting that he had considered the mitigating circumstances listed in article 894.1, the trial judge described at length the circumstances of the offense, emphasizing that the defendant committed a violent act without any provocation in front of many impressionable children. He also stated that besides the three prior convictions to which the defendant had admitted under oath, she had a record of numerous arrests on various charges under several different aliases in other states. Then, concluding that the appropriate punishment for this defendant lay somewhere in between probation and the maximum sentence, the trial judge sentenced her to six years.
Once adequate compliance with art. 894.1 is found, we must look to the facts and sentences of other cases to determine whether the sentence imposed is too severe in light of the particular circumstances of the defendant's case, keeping in mind that maximum sentences should be reserved for the most egregious violators of the offense so charged. State v. Cann, supra; State v. Brogdon, supra; State v. Davis, 485 So.2d 981 (La.App. 4th Cir.1986), writ den. 488 So.2d 1019 (La.1986).
In State v. Batista, 496 So.2d 1165 (La. App. 4th Cir.1986), the defendant shot and *1185 wounded a policeman while struggling during his arrest. This court upheld his ten-year sentence, citing his prior drug-related convictions as well as prior arrests on assault charges. In State v. Moore, 490 So.2d 556 (La.App. 4th Cir.1986), the defendant put a knife to the victim's throat and threatened to kill her. His eight-year sentence was upheld in light of his prior convictions involving drugs and weapons. In State v. Rovira, 483 So.2d 1093 (La.App. 4th Cir.1986), writ den. 488 So.2d 195 (La. 1986), the defendant stabbed the victim, whom he claimed appeared to him as a reptilian-like creature. Although this court noted that his ten-year sentence was not excessive, the case was remanded for resentencing because the defendant was indigent and the trial court had imposed additional jail time in lieu of paying a fine.
In State v. Smith, 479 So.2d 636 (La. App. 1st Cir.1985), the defendant was charged with attempted second degree murder and pled guilty to aggravated battery in a case where he had stabbed the victim, causing $60,000.00 in hospital bills. Noting that the defendant was a first offender and intoxicated at the time, the court affirmed his five-year sentence. In State v. Day, 468 So.2d 1336 (La.App. 1st Cir.1985), the defendant had used brass knuckles in a fight with an off-duty policeman. His five-year sentence was upheld. In State v. Tolliver, 464 So.2d 1088 (La. App. 1st Cir.1985), the court upheld a five-and-one-half-year sentence where the defendant had used a metal pipe on the victim's head.
In this case, defendant pushed a wine glass into the victim's face, narrowly missing the victim's eye. The resulting cuts scarred the victim's nose and cheek, requiring plastic surgery and causing the victim to take a leave of absence from her job as school principal. In addition, the defendant has old prior convictions involving weapons and the endangering of human life. Finally, as the trial judge noted, it is not improbable that a similarly innocuous circumstance might cause the defendant to react violently again. Under these circumstances, we do not find the defendant's sentence to be inherently excessive; nor do we find it to be out of line with sentences imposed for similar crimes in prior cases. Defendant's final assignment of error is therefore without merit.
Accordingly, for the reasons stated, we affirm defendant's conviction and sentence.
AFFIRMED.