526 So.2d 348 (1988)
STATE of Louisiana
v.
Craig WILSON.
No. KA-8171.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 1988.
*349 Harry F. Connick, Dist. Atty., Beryl McSmith, Asst. Dist. Atty., New Orleans, for plaintiff-appellee State of La.
Sherry Watters, Orleans Indigent Defender Program, New Orleans, for defendant-appellant Craig Wilson.
Before SCHOTT, KLEES and WILLIAMS, JJ.
KLEES, Judge.
Defendant, Craig Wilson, was charged by bill of information with attempt armed robbery of Yolanda McGowan. Later, the state amended the bill of information and named Stephanie Anthony as the victim. After a jury trial, defendant was found guilty as charged and sentenced to thirty years at hard labor. From this conviction and sentence, he appeals.
FACTS
Shortly before 9:00 a.m., on June 16, 1986, Llewelyn Soniat waited outside United Federal Savings and Loan on South Claiborne Avenue for business to open. While waiting outside, defendant approached him carrying a brown bag and wearing a white glove and asked what time the savings and loan would open. At 9:00 a.m. a teller, Stephanie Anthony, opened the door to the savings and loan and allowed the customers waiting outside to enter the building. Soniat arrived at Yolanda McGowan's teller window first and defendant stood directly behind him. Anthony returned to her teller window and asked defendant "May I help you?", but he didn't hear her. McGowan then asked the same question and defendant responded, "Give me all the money." Anthony saw the tip of the gun and said "Yolanda, he has a gun." Both McGowan and Anthony stepped back into the vault and informed their supervisors. Anthony, realizing the glass in the teller area was bullet proof, came out from the vault to activate the alarm and surveillance camera. The defendant was still demanding money and again pointed the gun at Anthony. She returned to the vault. Defendant then left. The door was locked and police arrived soon after.
*350 Surveillance photographs of the incident were developed and displayed to Anthony and Soniat who initialed the back of the photographs. These photographs showed the defendant in the savings and loan holding a gun. F.B.I. special agent, James Henderson, Jr. spoke with defendant at Orleans Parish Prison four days after the incident. Defendant made a statement and identified himself in the photographs. He stated he had a gun, had gone to the savings and loan and then departed the vicinity by catching a bus to the St. Thomas Project. He threw the gun, a glove and the bag into the river.
ERRORS PATENT REVIEW
A review of the record reveals two errors patent. The first is a sentencing error. The sentencing provision of R.S. 14:64, armed robbery, provides for imprisonment at hard labor for not less than five years and not more than ninety-nine years, without benefit of parole, probation or suspension of sentence. R.S. 14:27(D)(2) provides the sentence for an offender committing an attempt shall be imprisoned in the same manner as for the offense attempted. Thus, the defendant's sentence should have been imposed without benefit of parole, probation or suspension of sentence. However, this is an error patent favorable to the defendant. An appellate court cannot correct an illegally lenient sentence, when a defendant appeals and the prosecutor has not complained. State v. Fraser, 484 So.2d 122 (La.1986). This error should be ignored.
Secondly, the trial judge failed to delay sentencing for twenty-four hours after he denied the defendant's motion for post verdict judgment of acquittal. This delay is required by C.Cr.P. art. 873. An error in procedure which does not affect the fundamental fairness of the process does not require reversal or remand, unless prejudice is shown. C.Cr.P. art. 921; State v. White, 404 So.2d 1202, 1204 (La.1981), Dennis, Justice, dissenting in part, concurring in part, 483 So.2d 1005 (La.1986). In considering that the trial court erred in sentencing the defendant after denying his motion for a new trial, rather than observing the twenty-four hour delay, the Louisiana Supreme Court and this court have found the error harmless because the failure to delay did not cause the defendant actual prejudice. State v. Brogdon, 426 So.2d 158, 172 (La.1983); State v. Hancock, 502 So.2d 1098, 1099 (La.App. 4th Cir.1987); State v. Fraley, 499 So.2d 1304, 1306 (La. App. 4th Cir.1986) writ granted in part, denied in part, 512 So.2d 856 (La.1987). C.Cr.P. art. 873 refers to both motions for a new trial and in arrest of judgment when it requires the twenty-four hour delay. Thus, the trial court's failure to delay after denying a motion for a new trial or after denying a motion for post verdict judgment of acquittal should be analogously treated. Because the defendant suffered no prejudice, this error is not grounds for reversal.
ASSIGNMENTS OF ERROR
Assignment of Error I
The defendant maintains that the evidence was not sufficient to support his conviction for armed robbery. Counsel for the defendant argues that the State failed to demonstrate that the defendant attempted to take anything of value from the person of Stephanie Anthony or property that was in her immediate control, and that the State also failed to demonstrate that during the alleged demand for money the defendant was armed with a dangerous weapon. R.S. 14:64(A). Counsel alleges that the testimony reveals that the defendant never demanded money from Anthony and that "the only demands for money made by defendant were made to Yolanda McGowan or to no one in particular while the tellers were inside the vault."A thorough review of the trial transcript indicates that defense counsel's argument is flawed. Anthony did in fact testify that defendant pointed a gun at her through the glass door of the teller area and demanded money. The pertinent part of her testimony reads as follows:
Q. Okay, now, when did he point the gun at you, when did he lift the gun up?
A. Okay, well, when I walked out of the vault, and, well, with my heels on, you know, he heard me coming, and when he *351 seen me the gun was at the window, at the door, the glass door, and he kept saying, "I want the money," and the gun was pointing at me, and I said, "Okay," and I continued going forward and I activated the alarm and I just walked back and the gun was still there, and even when I was in the vault he was still hollering about he wanted the money.
Additionally, defendant identified himself in the survelliance photographs as the man holding a gun. In his statement, defendant admitted "telling the lady it was a holdup, give me all the money," and "I had the gun in my right hand pointing it at the floor."
Viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). This assignment is without merit.
Assignment of Error II
The defendant maintains the trial court erred by imposing an excessive sentence. The trial court sentenced the defendant to serve thirty years at hard labor, slightly more than three-fifths of the forty-nine and one-half years maximum term of imprisonment. R.S. 14:27(D)(3). As previously mentioned, this sentence is illegally lenient because the trial court failed to prohibit parole, probation or suspension of sentence as required by law. R.S. 14:64.
Article I, Section 20 of the 1974 Louisiana Constitution prohibits the imposition of excessive punishment. A sentence may be reviewed for excessiveness even though it is within statutory limits. State v. Cann, 471 So.2d 701 (La.1985); State v. Thomas, 447 So.2d 1053 (La.1984); State v. Francosi, 511 So.2d 1181 (La.App. 4th Cir.1987). The imposition of a sentence, although within the statutory limits, may be unconstitutionally excessive if it is "grossly out of proportion to the severity of the crime" or "is nothing more than the purposeless imposition of pain and suffering." State v. Brogdon, 457 So.2d 616, 625 (La.1984), cert. den. Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985). See also State v. Francosi, supra. In order to ensure adequate review by the appellate court, there must be an indication in the record that the trial court considered both the aggravating and mitigating factors set forth in C.Cr.P. art. 894.1 in determining the defendant's particular sentence. State v. Thomas, surpa; State v. Quebedeaux, 424 So.2d 1009 (La.1982); State v. Francosi, supra; State v. Forde, 482 So.2d 143 (La.App. 4th Cir.1986).
In the instant case, the sentencing transcript reveals that the trial judge considered the circumstances of the offense, noting that:
[T]he defendant armed himself with a pistol and went into a savings and loan institution and demanded money. The tellers thwarted his actions by shielding themselves behind bullet proof enclosures. After learning that the police had his photographs, which had been taken by the surveillance camera during the robbery, the defendant turned himself in and confessed to the crime.
The trial court also considered the defendant's criminal background stating that he had twenty-three juvenile arrest for offenses ranging from simple robbery and theft to armed robbery and assault. His adult record includes an arrest for seven counts of armed robbery in 1984, attempt rape, possesion of cocaine and purse snatching in 1985. The defendant has no prior convictions. The trial court considered as mitigating factors the fact that the defendant turned himself in and that he had no prior convictions. As aggravating factors, he considered the defendant's extensive arrest record and the seriousness of the crime. Thus, the trial court adequately complied with C.Cr.P. art. 894.1.
When adequate compliance with art. 894.1 is found, the court must look to the facts and sentences of other cases to determine whether the sentence imposed is too severe in light of the particular circumstances of the defendant's case, keeping in mind that the maximum sentences should be reserved for the most egregious violators of the offense so charged. State v. Cann, supra; State v. Brogdon, supra; State v. Francosi, surpa; State v. Davis, *352 485 So.2d 981 (La.App. 4th Cir.1986), writ den. 488 So.2d 1019 (La.1986).
While the defendant admits he did not receive the maximum sentence, he argues that this crime was not a most serious offense nor is he the worst kind of offender. In stating his reasons for sentencing, the trial judge did not state or imply that he believed the defendant was the worst kind of offender and he did not impose the maximum possible sentence.
In State v. Augustine, 482 So.2d 150 (La.App. 4th Cir.1986), this court upheld as not excessive the forty-nine and one-half year maximum sentence for a defendant who had a prior record of forty arrests and who knocked his victim violently to the ground and threatened her with a knife.
A forty year sentence for attempt armed robbery was also upheld as not excessive in State v. Johnson, 466 So.2d 741 (La.App. 4th Cir.1985). See also State v. Williams, 454 So.2d 295 (La.App. 4th Cir.1984), where a ninety-nine year sentence was upheld for a second offender. This assignment lacks merit.
For the above reasons, defendant's conviction and sentence are affirmed.
AFFIRMED.