ARMSTRONG, Judge.
The defendant, Burke F. Williams, was charged with simple burglary of an inhabited dwelling. After a trial, a twelve-member jury found him guilty of the unauthorized entry of an inhabited dwelling. He was sentenced to serve six years at hard labor, the maximum sentence available for this crime.
The record reflects that at approximately 5:00 p.m. on January 24, 1986, Robert Seale returned to his house in Braithwaite to find the back door open and the lights on in his house. Upon entering, he discovered that a large window pane had been broken out of his front door. Missing from the house were a color television, a video cassette recorder, a jewelry box, and a large amount of jewelry. Seale estimated that the stolen property was valued at over $1,000.00. Seale testified that he gave no one permission to enter his house.
James Bailey and the defendant were seen walking in the area five days later. Bailey was later arrested in connection with another charge, and he led police officers to some of the items stolen from Sea-le’s house which were found in the woods *845 near Seale’s house. Bailey implicated the defendant, and fingerprints found on the inside window panes of the front door of Seale’s house matched the defendant’s prints.
A review of the record reveals that there are no errors patent.
On appeal the defendant asserts two assignments of error: (1) that the trial court failed to comply with the sentencing guidelines of C.Cr.P. art. 894.1 and that the trial erred in imposing an excessive sentence. After reviewing these assignments of error we find neither of them has merit.
Article I, Section 20 of the 1974 Louisiana constitution prohibits the imposition of excessive punishment. A sentence may be reviewed for excessiveness even though it is within statutory limits. State v. Cann, 471 So.2d 701 (La.1985); State v. Thomas, 447 So.2d 1053 (La.1984); State v. Francosi, 511 So.2d 1181 (La.App. 4th Cir.1987); State v. Brumfield, 496 So.2d 425 (La.App. 4th Cir.1986), writ den. 503 So.2d 13 (1987). The imposition of a sentence, although within the statutory limit, may be unconstitutionally excessive if it is “grossly out of proportion to the severity of the crime” or “is nothing more than the purposeless imposition of pain and suffering.” State v. Brogdon, 457 So.2d 616, 625 (La.1984), cert. den. Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985). See also State v. Francosi, supra; State v. Brumfield, supra. In order to ensure adequate review by the appellate court, there must be an indication in the record that the trial court considered both the aggravating and mitigating factors set forth in C.Cr.P. art. 894.1 in determining the defendant’s particular sentence. State v. Thomas, supra; State v. Quebedeaux, 424 So.2d 1009 (La.1982); State v. Francosi, supra; State v. Brumfield, supra; State v. Forde, 482 So.2d 143 (La.App. 4th Cir.1986).
Here, at the sentencing hearing the trial court enumerated the factors set forth in C.Cr.P. art. 894.1, applying each one to the defendant’s case. In addition, the court was in receipt of a presentence investigation report which set forth the background of the defendant. As such, it appears that the trial court adequately complied with C.Cr.P. art. 894.1.
The defendant argues, however, that the trial court considered facts and circumstances that were not pertinent to his sentence. Specifically, he contends that the trial court sentenced him as if he had been convicted as charged of burglary, not merely the offense of unauthorized entry for which he was convicted. That argument was raised in State v. Day, 414 So.2d 349 (La.1982), where the defendant was charged with armed robbery, but the jury found him guilty of simple robbery. When sentencing the defendant, the trial court noted the facts of the case, which would have supported a verdict of guilty as charged. On appeal, the defendant complained that because he was convicted of only simple burglary, the trial court should have only considered the elements necessary for that crime and not the additional facts of the case which supported a greater offense. Rejecting this reasoning, the Court noted:
A sentence must be individualized and this entails consideration of the underlying circumstances of the crime.... The jury could have convicted the defendant of armed robbery. There was uncontra-dicted evidence that defendant robbed the store with a dangerous weapon. Counsel successfully urged the jury not to subject defendant to the harsh penalty range of armed robbery.... The court could not ignore the underlying circumstances of the crime and still individualize the sentence. Id. at 351.
Thus, the trial court correctly considered the elements of the case which exceeded unauthorized entry of an inhabited dwelling and supported a finding of simple burglary of an inhabited dwelling.
Once adequate compliance with C.Cr.P. art. 894.1 is found, the court must look to the facts and sentences of other cases to determine whether the sentence imposed is too severe in light of the particular circumstances of the defendant’s case, keeping in mind that the maximum sen *846 tences should be reserved for the most egregious violators of the offense so charged. State v. Cann, supra; State v. Brogdon, supra; State v. Francosi, supra; State v. Davis, 485 So.2d 981 (La.App. 4th Cir.1986), writ den. 448 So.2d 1019 (1986).
In Louisiana two cases consider the ex-cessiveness of a sentence for unauthorized entry of an inhabited dwelling. In State v. Falls, 508 So.2d 1021 (La.App. 5th Cir.1987), the defendant followed the victim into her apartment without her permission, and then left when the victim called for help. He was charged with and convicted of unauthorized entry of an inhabited dwelling. The defendant had a history of drug abuse and had a prior conviction for manslaughter. His three year sentence without hard labor was upheld.
In State v. Willis, 510 So.2d 411 (La.App. 2nd Cir.1987), the defendant broke into the fourteen-year-old victim’s home, went into her bedroom while she slept, pulled down the covers on her bed, and raised her nightgown, and then fled when she awoke and screamed and her brother called from an adjoining room. The defendant had many prior arrests and convictions both in Louisiana and in other states, and had a history of drug use. His sentence as a third offender to twelve years at hard labor was upheld by the appellate court.
Here, the presentence investigation report (which is contained in the record) lists an extensive arrest record, with prior convictions for possession of marijuana, simple battery, and misdemeanor theft. The report also notes that there are twenty-five outstanding charges against the defendant in St. Bernard Parish. In addition, although the defendant was convicted of unauthorized entry, he was originally charged with simple burglary of an inhabited dwelling, and the circumstances of the case would support a conviction of this offense (which would have exposed him to a maximum sentence of twelve years). In view of these facts, it does not appear that the trial court erred by imposing the maximum sentence of six years.
For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.