KLEES, Judge.
Defendants Eric White and Sterling La-vigne, along with Nathanial Gibbs, were charged and convicted of attempted armed robbery in violation La.R.S. 14:27 and 14:64. White and Lavigne were sentenced to thirty years at hard labor and forty-nine and one-half years at hard labor, respectively, to the custody of the Louisiana Department of Corrections. From their convictions and sentences, defendants appeal. We, finding no error, affirm.
On February 8, 1980 at 10:00 p.m. Joseph Jackson had several friends at his house playing cards and shooting dice. “Jam Jelly”, another acquaintance, knocked on the door. Earl London, one of the men playing poker, answered the door and let “Jam Jelly” in the house. When “Jam Jelly” said he would not take part in the game Joseph Jackson told him he had to leave the house. As “Jam Jelly” was exiting through the door, the defendants entered the house and went to the back room where the card game was in play. Nathanial Gibbs also entered the house and stood guard by the door. A fourth unknown accomplice remained outside standing guard.
While in the game room, White and La-vigne brandished guns and Lavigne announced “This is a stick-up”. One of Jackson's friends, James London, wrestled White to the floor. In the struggle, Earl London was shot by Lavigne. James London then grabbed White's gun and shot Lavigne. The two defendants and Gibbs then fled the house. They were later apprehended by the New Orleans Police.
Lavigne, White and Gibbs were tried together. Defendants Lavigne and White appeal contending their sentences are excessive.
Article I, Section 20 of the 1974 Louisiana Constitution prohibits the imposition of excessive punishment. A sentence, although within the statutory limit, may be unconstitutionally excessive if it is grossly out of proportion to the severity of the crime or is nothing more than the purposeless imposition of pain and suffering. State v. Brogdon, 457 So.2d 616 (La.1984), cert. den., Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985).
In order to ensure adequate review by the appellate court, there must be an indication in the record that the trial court considered both the aggravating and mitigating factors set forth in La.C.Cr.P. art. 894.1 in determining the defendants’ particular sentences. State v. Francosi, 511 So.2d 1181 (La.App. 4th Cir.1987). The sentencing transcript in the instant case is rather brief and falls short of outlining the trial judge’s consideration of the aggravating and mitigating factors set forth in art. 894.1. The trial judge did, however, state that the disparity in the sentences meted out to the three men was due to the differences in their prior criminal records and in each one’s participation in the crime. Here, the record clearly supports the sentencing choice and, accordingly, we need not remand for resentencing. State v. Martin, 400 So.2d 1063 (La.1981); State v. Grey, 522 So.2d 1216 (La.App. 4th Cir.1988).
In this case, defendant Lavigne testified he had been convicted of simple robbery, carrying a concealed weapon and possession of marijuana. Lavigne shot at least one of his victims, and as such, could have been tried for attempted first degree murder. Defendant White testified he had been convicted of possession of dilaudid and simple burglary. The trial testimony reveals White was the first defendant to *1045 pull a gun, but was prevented from using it because he was overcome by one of the victims. He, along with Lavigne, could have been tried as a principal to attempted first degree murder. In neither case do the sentences appear to be excessive.
A review for errors patent shows that the defendants were not sentenced without benefit of parole, probation or suspension of sentence as required by statute. La.R.S. 14:27 and 14:64. However, errors patent favorable to the defendants are ignored by this court when not raised by the State or defense. State v. Fraser, 484 So.2d 122 (La.1986); State v. Wilson, 526 So.2d 348 (La.App. 4th Cir.1988).
Accordingly, the defendants convictions and sentences are affirmed.
AFFIRMED.