KLEES, Judge.
On September 19, 1985 the defendant Claudius Walls was charged by bill of information with possession of marijuana with intent to distribute, a violation of R.S. 40:966 A. A jury trial took place on August 11, 1987 at which time Walls was found guilty as charged. On August 28, *1267 1987 the defendant was sentenced to ten years at hard labor. On December 15, 1987 a multiple bill was filed and on June 2, 1988 the defendant was adjudged a second offender and resentenced to fifteen years at hard labor under the provisions of R.S. 15:529.1. The defendant now appeals.
FACTS:
Detectives Tyronne Martin and Earl Woolfolk, while on a routine patrol observed the defendant Claudius Walls handing a hand-rolled cigarette taken from a brown paper bag to a passenger in a vehicle and receiving money in exchange. The defendant was detained by the officers and read his rights. The officers seized the brown paper bag which contained forty-five marijuana cigarettes and six dollars in U.S. currency. Officer Martin testified that the defendant volunteered the statement “that he was selling the marijuana so he could make money to fix his ... to buy some parts for this truck”.

Errors Patent

A review of the record reveals no errors patent.

Assignments of Error No. 1

In his sole assignment of error defendant complains that his sentence was excessive. Defendant was given a fifteen year sentence as a second offender. At the time of the offense, the penalty for a first offender was not to exceed ten years at hard labor. As the defendant was adjudged a second offender, the statutory range could have been from three and one-third years to twenty years. See R.S. 40:966 B(2) (1972); R.S. 15:529.1.
Article I, Section 20 of the 1974 Louisiana Constitution prohibits the imposition of excessive punishment. A sentence may be reviewed for excessiveness even though it is within statutory limits. State v. Cann, 471 So.2d 701 (La.1985); State v. Francosi, 511 So.2d 1181 (La.App. 4th Cir.1987); State v. Brumfield, 496 So.2d 425 (La.App. 4th Cir.1986), writ den. 503 So.2d 13 (1987). The imposition of a sentence, although within statutory limit, may be unconstitutionally excessive if it is “grossly out of proportion to the severity of the crime” or “is nothing more than the purposeless imposition of pain and suffering.” State v. Brogdon, 457 So.2d 616, 625 (La.1984), cert. den., Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985). See also Francosi, supra; Brumfield, supra. In order to ensure adequate review by the appellate court, there must be an indication in the record that the trial court considered both the aggravating and mitigating factors set forth in C.Cr.P. art. 894.1 in determining the defendant’s particular sentence. Francosi, supra; Brum-field, supra.
At the initial sentencing, the trial court made specific reference to the guidelines in Art. 894.1 and recited a long history of criminal activity by the defendant which was admittedly not rebutted. The court stated reasons as follows:
The defendant is sixty-three (63) years old single and a professional criminal. He has a criminal history dating to 1940, which contains numerous convictions for burglary and drug offenses. He was found to be a multiple offender in Section “A” of this court and sentenced on January 21, 1977 to serve twenty years in the custody of the Department of Corrections. It is interesting to note that on February 24, 1982, the defendant was sentenced to serve three years at hard labor, concurrently, for being a convicted felon in possession of a firearm and for possession of talwain. It is also interesting to note that he was discharged from custody on those sentences on December 12,1983. This individual has persistently adhered to a life of crime for more than forty-five years. There is no reason to believe that he is going to change his ways. It is therefore the sentence of this Court that the defendant Claudius Walls serve ten years at hard labor in the custody of the Department of Corrections.
(S.Tr. 8/28/87 p. 29)
Once adequate compliance with art. 894.1 is found, the court must look to the facts and sentences of other cases to determine whether the sentence imposed is too severe in light of the particular circumstances of the appellant’s case, keeping in mind that *1268 the maximum sentences should be reserved for the most egregious violators of the offense so charged. Cann, supra; Brogdon, supra; Francosi, supra; State v. Davis, 485 So.2d 981 (La.App. 4th Cir.1986); writ den. 488 So.2d 1019 (1986).
In State v. Jacobs, 383 So.2d 342 (La.1980), a defendant with no prior criminal record was given concurrent ten years sentences for two counts of distribution, each involving one “lid” of marijuana and a consecutive six month sentence for a possession of marijuana charge.
In State v. Pozo, 471 So.2d 308 (La.App. 4th Cir.1985) this court upheld the ten year sentence imposed on a woman found with ten pounds of marijuana. Although the court noted the defendant had fourteen prior arrests and some felony convictions, she was not sentenced as a multiple offender.
All of the above defendants were sentenced when the maximum penalty was ten years for a first offense.
It should be noted that the legislature has seen fit to raise the penalty for this particular offense to a range of five to thirty years on a first offense, which would be ten to sixty years as a second offender. While the defendant must be sentenced within the legal range at the date of the offense, the legislative change speaks to the issue that the lower statutory range was, if anything, lenient.
Defendant’s argument for excessiveness relies on the age of defendant who was sixty-three years old at sentencing and the “non-violent” nature of his crime. Defense counsel admits that the defendant probably would, based on his prior record, commit other crimes if he were free to do so. He seeks leniency in that the crime was non-violent and a lengthy sentence at his age means that the defendant may die before he is released from prison. This raises two points. First, defense counsel attempts by his characterization as “non-violent” to deprecate the seriousness of a charge of possession with intent to distribute. Second, by his argument that defendant should not have to die in prison, all life sentences would be considered excessive.
Considering defendant’s lengthy criminal history, some of which is violent in nature, the fifteen years sentence of the trial court is not an abuse of discretion. This assignment of error lacks merit.
Accordingly, the defendant’s conviction and sentence are hereby affirmed.
AFFIRMED.