PLOTKIN, Judge.
Defendant Willie Rose appeals a jury verdict finding him guilty of violating LSA-R.S. 40:966, relative to distribution of a controlled Schedule I substance, marijuana. We affirm.

Facts:

While working undercover in the 800 block of North White Street in the City of New Orleans on May 29, 1987, New Orleans Police Officer James Pollard observed the defendant, Willie Rose, engage in an apparent drug transaction. Officer Pollard testified that he was conducting a surveillance across the street from Rose’s residence at 824 North White at approximately 4:30 that afternoon, when he saw a black male walk up the alleyway and engage in a short conversation with Rose, who was seated at a table with another black male. The visitor then reached in his pocket and handed Rose “what appeared to be U.S. currency,” Officer Pollard testified. The police officer stated that Rose then went to a disabled brown Cougar automobile which was jacked up on cinder blocks, opened the door on the driver’s side, reached in and retrieved a brown paper bag, from which he removed a small object. The defendant then placed the brown paper bag back in the car, closed the door, walked back to the table and handed the visitor a small brown coin envelope. The visitor left, stuffing the envelope in the front of, his pants as he walked out of the yard, Officer Pollard said.
Officer Pollard said that he left the scene and went around the corner to meet his partner, David Singleton, who was patrol *411 ling the area in an unmarked car. He then returned to 824 North White and walked up the alleyway, where he found the other black male who had been with Rose still sitting at the table. Rose had gone inside, but came back outside when Officer Pollard arrived on the scene. Officer Pollard said that he frisked both men, then went to the disabled car and removed the brown paper bag from the front seat. Inside the bag, he found eight small coin envelopes, each containing green vegetable matter, which subsequently tested positive for marijuana. Rose was then arrested.
The defendant testified, claiming that he had just gotten off work and was inside the house when Officer Pollard arrived at his home at 824 North White. The police officer had the brown bag in his hand when Rose came outside, the defendant said. Rose said that the disabled brown car belonged to Isaac Carter, a friend of his sister. The defendant claimed that Officer Pollard took $100, which he had been paid earlier that day for his job as a roofer.
The defendant was charged with distribution of marijuana by bill of information on July 2, 1987. He pled not guilty at his arraignment on August 5, 1987. On August 10, 1988, he was found guilty as charged by a 12-member jury. Rose was sentenced to fifteen years at hard labor on December 19, 1988. He makes three arguments on appeal:
1. The trial court erred in denying his oral motion for continuance on the day of trial.
2. Insufficient evidence to sustain the verdict was presented by the state.
3. The sentence of 15 years at hard labor was illegally excessive.

Denial of Motion for Continuance

On the morning of trial, August 10, 1988, defense counsel made an oral motion for continuance based on the absence of three defense witnesses. The motion was denied, but the trial judge issued instan-ters. During the trial, defense counsel introduced subpeonas for the three men with returns showing the unavailability of the witnesses. On appeal, the defendant claims that the denial of his motion for continuance violated his constitutional right to compel testimony on his behalf, resulting in the denial of a fair trial.
La.C.Cr.P. art. 709 provides as follows:
A motion for a continuance based upon the absence of a witness must state:
(1) Facts to which the absent witness is expected the testify, showing the materiality of the testimony and the necessity for the presence of the witness at the trial;
(2) Facts and circumstances showing a probability that the witness will be available at the time to which the trial is deferred; and
(3) Facts showing due diligence used in an effort to procure attendance of the witness.
In the instant case, the defendant failed to make the necessary showing. Because the colloquy between the defense counsel and the trial judge during the oral motion for continuance was not made a part of the record on appeal, we are unable to ascertain the substance of the argument at trial. However, even on appeal, the defendant has failed to argue the facts necessary to justify a continuance based on absence of a witness. First, no evidence of the expected substance of the proposed witnesses’ testimony, as required by La.C.Cr.P. art. 709(1), was given; therefore, it is impossible to judge the materiality of the testimony or the necessity of the witnesses’ presence at trial. Second, the only evidence indicating the probability that the witnesses would have been available had the trial been deferred to another time, as required by La. C.Cr.P. art. 709(2), is the defendant’s unsubstantiated assertion that one of the three witnesses had come two of the five times the case had previously been set for trial. No explanation of that witness’ absence on the other three days or of the other two witnesses’ absence on all dates the trial was set was given. Third, no facts showing due diligence to procure their attendance was offered by the defendant. In fact, the opposite is true. The defendant’s brief indicates that the witnesses did not attend the trial “due to the *412 fact that this matter had been continued five times prior to the actual court date.” The defendant claims that “the witnesses did not believe that it [the trial] would proceed on the date set of August 10, 1988 and if it were to be heard that they would have sufficient notice so that they could attend the trial....” Those statements in the defendant’s brief indicate that he did not exercise due diligence to procure the attendance of the absent witnesses.
The requirements of La.C.Cr.P. art. 709 are strictly enforced by the courts of this state. State v. White, 472 So.2d 128, 130 (La.App. 5th Cir.1985). Decisions concerning the granting or denial of a motion for continuance are within the sound discretion of the trial judge and may not be disturbed on appeal absent abuse of discretion. State v. Johnson, 440 So.2d 197, 205 (La.App. 3d Cir.1983), writ denied 444 So.2d 1240 (La.1984). In State v. Donaldson, 439 So.2d 1138 (La.App. 4th Cir.1983), this court found that the trial court did not err in denying a motion for continuance where the movant failed to state facts satisfying the requirements of La.C.Cr.P. art. 709. In fact, in that case, the court found that the defendant met the third requirement, due diligence, but upheld the denial of the motion because the defendant did not meet the other two requirements. Id. at 1140. Therefore, the defendant in the instant case is not entitled to a reversal on the basis of the denial of his oral motion for continuance and his first argument has no merit.

Sufficiency of the Evidence

The defendant claims that the State failed to present sufficient evidence to justify his conviction for distribution of. marijuana. At trial, defense counsel questioned Officer Pollard extensively concerning his failure to include the name of the man who was allegedly sitting at the table with Rose at the time the transaction occurred in his report of the incident. The defendant seems to indicate that the police officer’s testimony is suspect because it is not corroborated by other evidence.
However, since the only evidence presented by the defendant was his own testimony, this case is basically a matter of credibility — the defendant’s story against the police officer’s story. When the decision of a trial court or a jury is based on the “reasonable evaluations of credibility,” it may not be disturbed on review. Rosell v. Esco, 549 So.2d 840, 844 (La.1989). “Where there are two permissible views of the evidence, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong.” Id.
LSA-R.S. 40:966 makes it unlawful for persons to knowingly and intentionally, “produce, manufacture, distribute or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance.” The evidence presented at trial establishes beyond a reasonable doubt that the defendant violated that statute. Officer Pollard stated that he saw Rose exchange a brown coin envelope taken from the brown paper bag in the disabled car for U.S. currency. The brown paper bag was later found to contain brown coin envelopes containing green vegetable matter, which the defendant stipulated tested positive for marijuana. That evidence is sufficient to support the defendant’s conviction. Therefore, his second argument has no merit.

Excessive Sentence

LSA-R.S. 40:966(B)(2) provides that persons convicted of the crime of distribution of marijuana shall be sentenced at hard labor for five to thirty years and shall pay a fine up to $15,000. In the instant case, the defendant was sentenced to 15 years. He bases his claim that the sentence is excessive on his claim that he had no prior criminal record as an adult and on his claim that he had no prior involvement with narcotics.
Although even a sentence within the statutory limit may be considered excessive under the circumstances, trial judges are generally given wide discretion im imposing sentences within the limits. State v. Quebedeaux, 424 So.2d 1009, 1014 (La.1984). Sentences within the statutory limit may be found unconstitutionally excessive if they are “grossly out of proportion to the severity of the crime” or are “nothing *413 more than the purposeless imposition of pain and suffering.” State v. Brogdon, 457 So.2d 616, 625 (La.1984), cert. denied, Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985).
The record in the case must reveal that the trial court considered both aggravating and mitigating circumstances established in La.C.Cr.P. art. 894.1 in setting the sentence. State v. Forde, 482 So.2d 143 (La.App. 4th Cir.1986). “While the trial judge need not articulate every aggravating and mitigating circumstance presented in La.C. Cr.P. art. 894.1, the record must reflect that he adequately considered these guidelines in particularizing the sentence of the defendant.” State v. Guiden, 399 So.2d 194 (La.1981), cert. denied, Guiden v. Louisiana, 454 U.S. 1150, 102 S.Ct. 1017, 71 L.Ed.2d 305 (1982).
In the instant case, the trial judge stated that he had considered the defendant’s sentence in light of the above codal provision. Additionally, the trial judge stated the factors that had influenced his decision in setting the sentence — the defendant’s age, his extensive juvenile record and his numerous arrests as an adult on drug charges. The fact the court mentioned the considerations in the article and stated his reasons for imposing the sentence is sufficient compliance with the article under the caselaw. State v. Robinson, 544 So.2d 444 (La.App. 4th Cir.1989), writ denied 550 So.2d 626 (La.1989). Therefore, the trial court fulfilled the requirements of La.C. Cr.P. art. 894.1.
When the trial judge has complied with La.C.Cr.P. art. 894.1 by stating the individual considerations and factual bases for the sentence, appellate review is confined to consideration of whether the trial judge’s great discretion was abused. State v. Finley, 432 So.2d 243, 245 (La.1983). Relevant considerations in determining whether a sentence imposed was an abuse of discretion are the nature of the crime, the nature and background of the offender and sentences imposed for similar crimes by the same court and other courts. We have already discussed the nature of the crime and the nature and background of the offender. A review of the jurisprudence indicates that 10- to 15-year sentences are not uncommon for persons convicted of distribution of marijuana. See State v. Jacobs, 383 So.2d 342 (La.1980); State v. Walls, 544 So.2d 1266 (La.App. 4th Cir., 1989); State v. Pozo, 471 So.2d 308 (La.App. 4th Cir.1985). The defendant could have received as much as 30 years on his first conviction for distribution of marijuana; the sentence he received was half that amount, Therefore, we find that the sentence was neither arbitrary nor excessive. The defendant’s third argument has no merit.

Errors Patent

Our review of the record in the instant case revealed an error patent. Although LSA-R.S. 40:966 provides for a mandatory fine for defendants found guilty of distribution of marijuana, no fine was imposed in this case. However, errors patent favorable to defendants not raised by the State or defense are not corrected by this court. State v. Fraser, 484 So.2d 122, 124 (La.1986).

Conclusion

Accordingly, defendant Willie Rose’s conviction for distribution of marijuana and his sentence to 15 years at hard labor is affirmed.
AFFIRMED.