581 So.2d 379 (1991)
STATE of Louisiana
v.
Louis B. ROLLINS, Jr.
No. 90-KA-1414.
Court of Appeal of Louisiana, Fourth Circuit.
May 30, 1991.
*380 Harry F. Connick, Dist. Atty., of Orleans Parish, David L. Arena, Asst. Dist. Atty., of Orleans Parish, New Orleans, for appellee.
*381 Michael G. Fanning, Metairie, for defendant.
Before SCHOTT, C.J., and WILLIAMS and ARMSTRONG, JJ.
WILLIAMS, Judge.
In this criminal appeal, the defendant claims that the State failed to present sufficient evidence to support the two convictions, that the court improperly introduced evidence of the victims' psychiatric treatment, and that the sentences were excessive. We find defendant's claims meritless. Therefore, as we find no errors patent, we affirm defendant's convictions and sentences.

FACTUAL AND PROCEDURAL HISTORY
On October 19, 1989, the defendant was charged by bill of information with two counts of molestation of a juvenile.
On January 29, 1990, the defendant was tried by the court and found guilty of two counts of attempted indecent behavior with a juvenile. On April 30, 1990, the relator was sentenced to serve two (2) years on each count, to run concurrently, and was ordered to pay $159.00 in court costs or serve an additional thirty (30) days in jail in default of payment.
Motion for appeal was granted following sentencing.
The defendant was a scout leader to the victims from June of 1988 to July of 1989. During that time the defendant took the boys to their scout meetings, to scout camp and on one or two other trips. Victim A spent occasional nights at the defendant's home, where he and the defendant would watch rented movies and play video games.
In November or December of 1988 the defendant began a pattern of behavior with the victims which made them uncomfortable and which they ultimately reported to their parents and to the authorities of the Naval Air Station at Belle Chasse, where the defendant was employed.
The specific acts complained of were similar as to both victims. Each victim testified that the defendant held or hugged him tightly and kissed him on the lips with his mouth open. The defendant also would pick each victim up and slide him down, rubbing the victim's body against the front of his own. He also taught the boys the "fireman's carry." While being lifted in the "fireman's carry", the defendant would be carried on the victim's shoulders and he would move around so that his crotch would rub against the victim's shoulders.
Victim A testified that the defendant attempted to insert his tongue when he kissed him. Victim B testified that he felt the defendant open his mouth when he kissed him, but did not feel his tongue.
The mother of Victim A testified that she observed unusual behavior between the defendant and her son. She noticed the defendant holding her son very tightly on his lap. She saw the defendant pick her son up and slide him down the front of his body on two or three occasions. She observed that her son was angry and struggling to be let go when the defendant did these things. Victim B's mother testified that her son was hospitalized for two months following a suicide attempt a few months after the incidents with the defendant.
The mother of Victim A testified that her son was thirteen (13) years old when he was in the scout troop led by the defendant. The mother of Victim B testified that her son's age on the trial date was fourteen (14) years. The parties stipulated that the defendant was over seventeen (17) years old.
The defendant testified that he loved one of the boys (Victim A) like a son and was a close friend to the other (Victim B). As to the hugging that was done, the defendant stated that it might have occurred when he was acting playfully with them because they "wrestled a lot and tickled around a lot."
The defendant further testified that he taught the boys the fireman's carry for scouting, as first aid training. He said he moved around during the "fireman's carry" because he was being held in an uncomfortable position.
*382 He admitted kissing the boys on the cheek but denied kissing either of them on the mouth. He testified that one of the victims kissed him on the mouth on two occasions. Finally, he testified that none of the acts were done to arouse himself sexually and in all cases he was fully clothed.
One additional witness, Richard Wilson, testified for the defense. Wilson was the investigating officer for the Naval Investigating Service who first investigated the complaints in this case. He testified that both boys complained that they were kissed on the mouth by the defendant, but they denied open mouth kissing.
The trial judge then recalled each of the victims, separately, and questioned them as to the discrepancy in their testimony and the investigator's testimony as to attempted French kissing. Victim A testified that he was embarassed to tell Mr. Wilson that the defendant had opened his mouth when he kissed him "because everybody was making such a big deal about it." Victim B testified that he only admitted the open mouth kissing to his father and his therapist some time after he was questioned by the investigator.

SUFFICIENCY OF THE EVIDENCE
The defendant contends that the evidence was insufficient to prove that the defendant committed the crime of indecent behavior against either juvenile. He claims that the acts proved by the State are not among those found to be lewd and lascivious in previous Louisiana cases.
The standard for review of the sufficiency of the evidence requires that, after viewing the evidence in the light most favorable to the prosecution, a conviction be based on evidence sufficient to convince a rational trier of fact to find the essential elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), State v. Rosiere, 488 So.2d 965 (La.1986).
In order to convict a defendant of indecent behavior with a juvenile, the State must prove that the defendant:
(1) committed a lewd or lascivious act upon the person or in the presence of a child under the age of seventeen;
(2) was over the age of seventeen and more than two years older than the victim;
(3) had the specific intent to arouse or gratify either the child's sexual desires or his own.
Because the defendant was convicted of attempted indecent behavior, the State had to prove that the defendant either did or omitted to do an act for the purpose of or tending directly toward the accomplishment of his object in order for the convictions to be supported by the evidence. R.S. 14:27 A.
We will first consider whether the evidence was sufficient to support the conviction on the count involving Victim A, and then consider the sufficiency of the evidence on the count involving Victim B.
A lewd or lascivious act is one which tends to excite lust and to deprave the morals with respect to sexual relations and which is obscene, indecent, and related to sexual impurity or incontinence carried on in a wanton manner. State v. Holstead, 354 So.2d 493 (La.1977); State v. Prejean, 216 La. 1072, 45 So.2d 627 (1950).
The acts done by the defendant were not an occasional touching which could be dismissed as accidental. The frequent occurrence of the acts in question, the character of the acts themselves, and the uncomfortable feeling the acts caused the victims are sufficient for the trier of fact to have found them "lewd and lascivious."
The defendant stipulated the age requirement.
As to the third element, the State does not have to prove actual arousal; it need only prove an intent to arouse. State v. Roberts, 541 So.2d 961 (La.App. 2d Cir. 1989). Although intent is a question of fact, intent does not have to be proven as a fact and may be inferred from the circumstances of the transaction. State v. Kahey, 436 So.2d 475 (La.1983); State v. Roberts, supra.
*383 The defendant admits that he held Victim A tightly while the boy sat across his lap, that he rubbed his body on the victim's shoulder while being carried in the fireman's carry, that he hugged the victim tightly and kissed him. Victim A testified the defendant kissed him with an open mouth and attempted to insert his tongue in his mouth. As such, the evidence was sufficient to support the third element.
The evidence was sufficient to support the conviction in the crime involving Victim A.
As to Victim B, the defendant admits that all the acts were the same as to Victim A except that he claims the State's case is weaker in this count, as Victim B never said he sensed Rollins attempting to place his tongue in his mouth.
While the victim testified that he did not feel the defendant's tongue, he could feel the defendant opening his mouth when he kissed him on the lips. (Tr. 68, 96).
We find that even without an assertion by this victim that he felt the defendant's tongue, the acts committed by the defendant were lewd and lascivious and done with the purpose of arousing or gratifying the sexual desires of either the victim or himself. Accordingly, the evidence was sufficient to support the conviction as to the crime involving Victim B.
This assignment has no merit.

ADMISSIBILITY OF THE EVIDENCE
The defendant claims that it was error for the trial court to admit evidence of the victims' psychiatric treatment because its prejudice outweighed its probative value.
As to the Victim A, the defense attorney introduced the subject of the victim's therapy and the claim made against the insurer of the Boy Scouts of America in an attempt to show bias of a witness. When the prosecutor sought to develop that line of questioning relative to the cause for the therapy, the objection by the defense was sustained. Therefore, as to this victim, there was no psychiatric evidence admitted of which the defendant can complain and thus no error.
As to Victim B, the victim's mother testified that her son was hospitalized as an inpatient for sixty (60) days following a suicide attempt which occurred a few months after he revealed the acts perpetrated by the defendant. She further testified that he was still participating in an after-care program for sexual trauma. Victim B testified that he was hospitalized for sixty (60) days. We find the effect of these incidents on the victim as highly relevant in establishing that the acts of the defendant were more than playful and affectionate, but were instead lewd and lascivious acts with the intent of sexually arousing either the defendant or the victim. The evidence was more probative than prejudicial. It was not error to admit this evidence.

EXCESSIVE SENTENCE
The defendant claims that the sentence of two (2) years on each count, to run concurrently, is excessive in view of the lack of a previous record and other mitigating factors.
Article I, Section 20 of the Louisiana Constitution prohibits the imposition of excessive punishment. A sentence may be reviewed for excessiveness even though it is within statutory limits. State v. Cann, 471 So.2d 701 (La.1985); State v. Francosi, 511 So.2d 1181 (La.App. 4th Cir.1987); State v. Brumfield, 496 So.2d 425 (La.App. 4th Cir.1986), writ den. 503 So.2d 13 (La. 1987). The imposition of a sentence, although within statutory limit, may be unconstitutionally excessive if it is "grossly out of proportion to the severity of the crime" or "is nothing more than the purposeless imposition of pain and suffering." State v. Brogdon, 457 So.2d 616, 625 (La. 1984), cert. den. Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985). See also Francosi, supra; Brumfield, supra. In order to insure adequate review by the appellate court, there must be an indication in the record that the trial court considered both the aggravating and mitigating factors set forth in C.Cr.P. art. 894.1 in determining the defendant's *384 particular sentence. Francosi, supra; Brumfield, supra.
The sentencing transcript indicates that the trial court not only made reference to compliance with the sentencing guidelines in C.Cr.P. art. 894.1, but considered each guideline individually. The trial judge particularized the sentence by reviewing the facts of the case and the harm caused to the victims. Finally, the trial court followed the recommendation of the pre-sentence investigation report by the imposition of jail time and by his order that, in the event the defendant is released on parole or for good-time, a special condition of the release be that the defendant obtain psychiatric treatment. The trial court also ordered that the defendant receive psychiatric treatment while in the Department of Corrections, if that is possible.
Once adequate compliance with art. 894.1 is found, the court must look to the facts and sentences of other cases to determine whether the sentence imposed is too severe in light of the particular circumstances of the defendant's case, keeping in mind that the maximum sentences should be reserved for the most egregious violators of the offense so charged. Cann, supra; Brogdon, supra; Francosi, supra; State v. Davis, 485 So.2d 981 (La.App. 4th Cir.1986); writ den. 488 So.2d 1019 (1986).
A review of the jurisprudence indicates that there have been no appeals to this court for excessiveness of sentence in convictions for indecent behavior with a juvenile or attempted indecent behavior with a juvenile. However, this court has twice upheld maximum ten (10) year sentences for molestation of a juvenile.[1]State v. Brock, 521 So.2d 477 (La.App. 4th Cir. 1988); writ denied 534 So.2d 441 (La.1988); State v. Rieux 529 So.2d 168 (La.App. 4th Cir.1988).
The maximum sentence for attempted indecent behavior with a juvenile is three and one-half (3½) years. Considering the factors recited by the trial court and the recommendation of the presentence investigation report, the sentence of the trial court is not excessive.
AFFIRMED.
NOTES
[1] The crime of molestation differs from the crime of indecent behavior in that the lewd or lascivious act is done by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily harm, or by the use of influence by virtue of a position of control or supervision over the juvenile.