774 So.2d 1223 (2000)
STATE of Louisiana
v.
Nathaniel COATES, Jr.
No. 00 KA 1013.
Court of Appeal of Louisiana, First Circuit.
December 22, 2000.
*1224 Charles Shropshire, St. Francisville, Counsel for State of Louisiana.
Clayton Perkins, Jr., St. Francisville, Counsel for Nathaniel Coates, Jr.
Before: LeBLANC, FOIL and GONZALES, JJ.
LeBLANC, J.
Defendant, Nathaniel Coates, III[1], was charged by grand jury indictment with three counts of distribution of cocaine, violations of La. R.S. 40:967 A, and one count of distribution of marijuana, a violation of La. R.S. 40:966 A. After a jury trial, he was found guilty as charged on all counts. The trial court denied his motion for postverdict judgment of acquittal and sentenced defendant to five years at hard labor, without benefit of parole, probation, or suspension of sentence, on each of the three convictions for distribution of cocaine. The sentences on counts one and two were made consecutive to one another; the sentence on count three was made concurrent to the other sentences. For the distribution of marijuana conviction, the trial court sentenced defendant to eight years at hard labor, but suspended the sentence and placed defendant on supervised probation, with special conditions, for five years, with the probation to begin upon defendant's release from prison on the other convictions. Defendant has appealed, raising sufficiency of the evidence as his only assignment of error.

Facts
On February 1, 1998, Eli Trunell was working as an agent with the Delta Narcotics Task Force in West Feliciana Parish. At trial, Agent Trunell testified that, while driving in a trailer park on that date, a man he knew as Seabiscuit approached his car. Seabiscuit asked Trunell if he was looking for something to smoke, and whether Trunell wanted Seabiscuit to score for him. Upon receiving an affirmative response, Seabiscuit went to a nearby house and came outside with defendant. Seabiscuit and the defendant walked to an area where Trunell could not see them well. Trunell moved his car to where he could see them and saw Seabiscuit give defendant some money and defendant give Seabiscuit a rock of crack cocaine in exchange. Seabiscuit immediately brought the cocaine to Trunell. This sale resulted in count one of the indictment against defendant.
The remaining two counts of distribution of cocaine and the count of distribution of marijuana resulted from three transactions Trunell made with defendant on February 13, 1998. The first transaction occurred when Trunell pulled up to the corner of Canfield and Highway 965, where several individuals, including defendant, were standing. Defendant came up to the car window and asked Trunell what he wanted. When Trunell said he wanted crack, defendant gave him some in exchange for $20.
Trunell returned to the corner shortly thereafter to attempt to make a purchase from one of the others standing there, but defendant again approached the car, asking what Trunell wanted and telling the others that Trunell was his customer. Trunell gave him $20 for another rock of cocaine.
When Trunell went back a third time, defendant again came up to his car. Trunell, wanting to make a purchase from someone else, tried to put defendant off by saying he wanted weed this time. However, defendant told him he had that too. Defendant left for a minute, then returned with some marijuana that he sold to Trunell.

*1225 Sufficiency of the Evidence

In his sole assignment of error, defendant argues the evidence was insufficient to prove beyond a reasonable doubt his identity as the perpetrator of the charged crimes.
The standard of review for the sufficiency of evidence to uphold a conviction is whether or not, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude that the state proved the essential elements of the crime and the defendant's identity beyond a reasonable doubt. See La.Code Crim. P. art. 821; Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); State v. Lofton, 96-1429, p. 4 (La.App. 1 Cir. 3/27/97), 691 So.2d 1365, 1368, writ denied, 97-1124 (La.10/17/97), 701 So.2d 1331. Where the key issue is the defendant's identity as the perpetrator, rather than whether or not the crime was committed, the state is required to negate any reasonable probability of misidentification. Lofton, 96-1429 at 4-5, 691 So.2d at 1368. Positive identification by only one witness may be sufficient to support a defendant's conviction. State v. Wright, 98-0601, pp. 2-3 (La.App. 1 Cir. 2/19/99), 730 So.2d 485, 487, writs denied, 99-0902 (La.10/29/99), 748 So.2d 1157, 00-0895 (La.11/17/00), 773 So.2d 732.
In the instant case, defendant does not contest that the offenses were committed. Rather, he denies that he sold either cocaine or marijuana to Agent Trunell, raising an issue of identity. Conflicting evidence was presented at trial on this issue. The state presented the testimony of Agent Trunell identifying defendant as the man he purchased cocaine from on three separate occasions and marijuana on one occasion. Trunell stated there was no doubt in his mind regarding this identification. The first purchase on February 1, 1998, occurred during the daytime, and Trunell indicated he moved his car so that he could get a good look at the person who handed the crack cocaine to Seabiscuit, who then immediately brought it to Trunell. Trunell further testified that defendant came right up to his car during the other three purchases, so that he was able to get a good look at defendant. Trunell indicated the lighting conditions were good on each of these occasions.
Defendant also testified at trial, denying he sold drugs to anyone. He further stated that Johnny Marshall, who lived in his neighborhood, looked so much like him that people often confused them for one another. Defendant suggested that Trunell also may have done so.
Defendant contends on appeal that Agent Trunell's testimony was not credible because of his significant criminal background. Specifically, on direct examination, Trunell admitted he was convicted in Mississippi of murder and burglary. However, he explained that the murder conviction was reversed on appeal and the remaining sentence on the burglary commuted. He was released from custody in 1986, and has worked as a narcotic agent for the FBI, the state of Mississippi, and other agencies ever since.
In finding defendant guilty, the jury had before it evidence of Agent Trunell's criminal history, which defendant claims cast doubt upon his credibility. In fact, during closing arguments, defense counsel argued the credibility issue to the jury. Nevertheless, after considering the credibility of the witnesses and weighing the evidence, the jury accepted the testimony of Trunell, including his identification of defendant, and rejected defendant's testimony that he was not the man who sold crack cocaine and marijuana to Trunell. As the trier of fact, the jury was free to accept or reject, in whole or in part, the testimony of any witness. Furthermore, where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. State v. Thomas, 589 So.2d 555, 570 (La.App. 1 Cir.1991). On appeal, *1226 this Court will not assess the credibility of witnesses or reweigh the evidence to overturn a jury's determination of guilt. State v. Hendon, 94-0516, p. 7 (La.App. 1 Cir. 4/7/95), 654 So.2d 447, 450.
After a careful review of the record, we are convinced the evidence supports the jury's determinations. A rational trier of fact, viewing the evidence in the light most favorable to the prosecution, could have concluded that the state proved beyond a reasonable doubt that defendant was the person who sold cocaine on three occasions and marijuana on one occasion to Agent Trunell. Accordingly, the evidence being sufficient to support the jury's verdicts, the trial court correctly denied defendant's motion for post-verdict judgment of acquittal.
This assignment of error is without merit.

Patent Sentencing Error
In conducting our routine review of the record for errors patent pursuant to La.Code Crim. P. art. 920(2), we have discovered that the trial court did not wait the required twenty-four hours after denial of defendant's motion for post-verdict judgment of acquittal before imposing sentence. See La.Code Crim. P. art. 873; State v. Dixon, 620 So.2d 904, 912-13 (La. App. 1 Cir.1993).
The record reveals that, on the day set for sentencing, defense counsel asked the trial court to first hear the outstanding motion for post-verdict judgment of acquittal. Immediately after the trial court denied the motion, the following colloquy occurred between the court and defense counsel:
BY [DEFENSE COUNSEL]: Do you want to sentence this morning?
BY THE COURT: We have sentencing scheduled today. The Court has a presentence investigation. You can keep your seat, Mr. Coates [defendant]. [Defense counsel], let me give you the presentence investigation. If you will, take a moment to glance at that.
BY [DEFENSE COUNSEL]: (Examined the presentence investigation report.) Your Honor, we've seen this now. We're satisfied.
BY THE COURT: Do you have any objections or anything that you wish to note for the record as being incorrect in the presentence investigation?
BY [DEFENSE COUNSEL]: No.
The trial court then imposed sentence upon defendant.
In State v. Augustine, 555 So.2d 1331, 1333-1335 (La.1990), the Louisiana Supreme Court implied that a failure to observe the twenty-four hour delay provided in article 873 will be considered harmless error where the defendant could not show that he suffered prejudice from the violation. In Augustine, the Louisiana Supreme Court concluded that prejudice would not be found if the defendant had not challenged the sentence imposed and the twenty-four hour delay violation was merely noted on patent error review. In the instant case, defendant has not assigned the trial court's failure to observe the twenty-four hour delay as error, nor has he contested the sentence imposed. Moreover, by requesting that the court rule on the motion for post-verdict judgment of acquittal before proceeding with the sentencing, defendant implicitly waived the waiting period. See State v. Lindsey, 583 So.2d 1200, 1205-1206 (La.App. 1 Cir. 1991), writ denied, 590 So.2d 588 (La. 1992). Thus, any error that occurred in this case was harmless error. See State v. Perez, 95-2445, p. 7 (La.App. 1 Cir. 12/20/96), 686 So.2d 114, 118, writ denied, 97-0280 (La.6/20/97), 695 So.2d 1351; State v. Claxton, 603 So.2d 247, 250 (La.App. 1 Cir.1992).
CONVICTIONS AND SENTENCES AFFIRMED.
NOTES
[1] There was testimony at trial that, although defendant's actual name is Nathaniel Coates, III, he was sometimes known as Nathaniel Coates, Jr.