804 So.2d 929 (2001)
STATE of Louisiana
v.
Bernard Anthony DENHAM.
No. 2001 KA 0400.
Court of Appeal of Louisiana, First Circuit.
December 28, 2001.
*930 Walter P. Reed, District Attorney, Covington, LA, Dorothy A. Pendergast, Assistant District Attorney, Metairie, LA, for appellee, State of Louisiana.
Peggy J. Sullivan, Monroe, LA, for appellant, Bernard Anthony Denham.
BEFORE: FOIL, PETTIGREW and KLINE, JJ.[*]
FOIL, Judge.
The defendant, Bernard Anthony Denham, was charged by bill of information with one count of public intimidation, a violation of La.R.S. 14:122. He pled not guilty and, following a jury trial, was found guilty as charged. The defendant moved for new trial. The state filed a habitual offender bill of information alleging the defendant pled guilty on May 22, 1991, to simple robbery under 22nd Judicial District Court # 195520, and pled guilty on March 5, 1997, to aggravated burglary under 22nd Judicial District Court # 257858. At the hearing on the habitual offender bill, the trial court denied the motion for new trial. The defendant orally moved for post-verdict judgment of acquittal, which the court denied. At the conclusion of the hearing, the court adjudged the defendant a third felony habitual offender with a prior crime of violence and sentenced him to life imprisonment without benefit of probation, parole, or suspension of sentence. The defendant moved for reconsideration of sentence, but the motion was denied. He now appeals, designating five counseled assignments of error and one pro se assignment of error.

SUFFICIENCY OF THE EVIDENCE
In assignment of error number one, the defendant contends the evidence was insufficient to support the verdict. In assignment of error number two, he contends the trial court erred in denying the motion for new trial. He argues the assignments together, claiming the evidence was insufficient because the victim did not have the authority to revoke the defendant's parole.
In reviewing claims challenging the sufficiency of the evidence, this court must consider "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). See also La.Code Crim.P. art. 821 B.; State v. Mussall, 523 So.2d 1305, 1308-09 (La. 1988).
La.R.S. 14:122 provides, in pertinent part:
Public intimidation is the use of violence, force, or threats upon any of the following persons, with the intent to influence his conduct in relation to his position, employment, or duty:
(1) Public officer or public employee.
*931 James Dillon, the victim, testified at trial. He stated he was a Louisiana Probation and Parole Officer, which required him to supervise felons on probation or parole. He also made recommendations to the parole board for possible revocation. Dillon identified the defendant in court as Bernard Denham. In the fall of 1999, Dillon was assigned to supervise the defendant on parole. On December 2, 1999, Dillon visited the defendant at the St. Tammany Parish Jail to investigate the circumstances concerning the defendant's incarceration and to determine whether the defendant had violated his parole. The defendant was brought to Dillon and unhandcuffed. Dillon questioned the defendant and advised him the office of probation and parole would review the circumstances of his incarceration to determine whether the defendant had violated his parole. He told the defendant that if a violation was discovered, the parole board would serve him with a notice of preliminary hearing. Dillon further advised the defendant a detainer would be placed upon him to keep him incarcerated until the office of probation and parole had completed its review. Dillon described the defendant's reaction as follows:
[The defendant] became irate and started raising his voice and at one point, he told me that if I took any actions that would have his parole revoked, he was going to go ahead and make sure something would happen to me whenever he was released from the penitentiary. And he was taking a posture, it looked like he was getting ready to fight. He had gotten up, bowed his shoulders, started moving his hands, as if he were making a fist and I was, you know, disturbed at that point about that. And I was also concerned about what, you know, may have happened, you know, after, when he was outside because of my family situation.
Dillon indicated the defendant's exact words were, "if [the defendant's] parole were revoked, something bad would happen to [Dillon] when [the defendant] was let out of jail."
The defense presented testimony from two St. Tammany Parish Sheriffs Office deputies, Katherine Brooks and Steven Jude Paretti. Both Deputy Brooks and Deputy Paretti were working in the St. Tammany Parish Jail on December 2, 1999. Brooks stated that, during the incident at issue, she heard Dillon's raised voice, but not the defendant's voice. On cross-examination, she indicated she heard Dillon tell the defendant, in a "very high pitched, very excited, defensive" voice, "[q]uit threatening me, calm down, calm down." Paretti testified he heard Dillon shouting at the defendant to "calm down" about three times and then heard Dillon tell the defendant, "don't threaten me, don't threaten me, watch what you say." Paretti heard Dillon ask the defendant to sign a piece of paper at the time of the confrontation and heard the defendant refuse to sign the paper.
Relying upon State v. Love, 602 So.2d 1014 (La.App. 3d Cir.1992), the defendant asserts that in order for the evidence in a public intimidation case to be sufficient to support conviction, the evidence must establish the victim in fact had the authority to give the defendant that which he was attempting to obtain through intimidation. While that case contains language supportive of this proposition, we note that the definition of public intimidation does not contain any such requirement. Thus, we need not determine whether the state established that Dillon had the authority to revoke the defendant's parole.
Viewing the evidence in the instant case in the light most favorable to the state, we conclude that any rational trier of fact *932 could have found beyond a reasonable doubt that the defendant was guilty of public intimidation. The defendant threatened his parole officer with the intent to prevent the parole officer from reporting the defendant's possible violation of parole.
These assignments of error are without merit.

THIRD FELONY HABITUAL OFFENDER
In assignment of error number three, the defendant contends the trial court erred in adjudicating him a third felony offender. Defense counsel reserved the right to supplement her original brief upon review of the Boykin transcripts. After reviewing the pertinent transcripts, however, defense counsel declined to argue this assignment. Accordingly, this assignment of error is deemed abandoned. See Uniform Rules of Louisiana Courts of Appeal, Rule 2-12.4.

DENIAL OF CONTINUANCE
In pro se assignment of error number one, the defendant contends the trial court erred in denying defense counsel's June 13, 2000 motion for continuance following the filing of the bill of information.
The record indicates the bill of information was filed on June 13, 2000, but the record contains neither a minute entry nor a transcript from that date. Further, the defendant's counseled brief makes no reference to the filing of a motion for continuance on June 13, 2000. On the contrary, the counseled brief states that "[n]o pretrial motions were heard and trial commenced on June 14, 2000."
Only that which is in the record may be reviewed. State v. Vampran, 491 So.2d 1356, 1364 (La.App. 1st Cir.), writ denied, 496 So.2d 347 (La.1986). The record does not contain any evidence of the June 13, 2000 motion for continuance and, thus, the instant assignment of error is not susceptible to review at this time.

PATENT ERROR
In reviewing the record for patent error, we have discovered the trial court did not wait the required twenty-four hours after denial of the defendant's motion for new trial before imposing sentence, nor did the defendant waive that waiting period. See La.Code Crim.P. art. 873. Accordingly, we must vacate the defendant's sentence and remand the case to the trial court for resentencing. See State v. Augustine, 555 So.2d 1331, 1333-35 (La. 1990); State v. Claxton, 603 So.2d 247, 250 (La.App. 1st Cir.1992). As such, we pretermit consideration of assignments of error numbers four and five, which raised the issue of excessive sentence.
CONVICTION AFFIRMED; HABITUAL OFFENDER ADJUDICATION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.
NOTES
[*] Judge William F. Kline, Jr., Retired, serving Pro Tempore by special appointment of the Louisiana Supreme Court.