STATE OF LOUISIANA
COURT OF APPEAL
FIRST CIRCUIT


DOCKET NUMBER
2023 KA 0829


STATE OF LOUISIANA

VERSUS

PERCY STALLS

Judgment Rendered: **SEP 2 6 2024**


* * * * *


ON APPEAL FROM THE
TWENTY-FIRST JUDICIAL DISTRICT COURT, DIVISION C
IN AND FOR THE PARISH OF TANGIPAHOA
STATE OF LOUISIANA
DOCKET NUMBER 1803016

HONORABLE ERIKA W. SLEDGE, JUDGE PRESIDING


* * * * *


Jane L. Beebe                          Attorney for Defendant-Appellant
Louisiana Appellate Project            Percy Stalls
Addis, Louisiana




Scott Perrilloux                       Attorneys for Appellee
District Attorney                      State of Louisiana
Matthew Belser
Assistant District Attorney
Amite, Louisiana


**BEFORE:      GUIDRY, C.J., McCLENDON, WELCH, THERIOT, CHUTZ, PENZATO, LANIER, WOLFE, HESTER, MILLER, GREENE, and STROMBERG, JJ.**

Theriot, J concurs

**GREENE, J.**

The State charged the defendant, Percy Stalls, with one count of aggravated crime against nature, a violation of La. R.S. 14:89.1(A)(2). The defendant pled not guilty, but after trial, a unanimous jury found him guilty as charged. The defendant filed motions for new trial and post-verdict judgment of acquittal, which the trial court denied. The trial court then sentenced him to imprisonment at hard labor for 99 years – with 25 years to be served without the benefit of parole, probation, or suspension of sentence. The defendant now appeals. In three assignments of error, he challenges the sufficiency of the evidence, claims the trial court erred in allowing the State to use other crimes evidence against him at trial, and contends his sentence is excessive. After review, we affirm the defendant's conviction and sentence.

## FACTS AND PROCEDURAL HISTORY[1]

In 2018, Hammond Police Department Lieutenant Jeannine Cruz received information from a Department of Children and Family Services (DCFS) employee regarding sexual abuse allegations made by the minor victim, T.B., against the defendant, her maternal grandfather. After reviewing the information and personally interviewing T.B., Lt. Cruz began an investigation of the defendant, ultimately issuing two warrants for his arrest. The first warrant was for the defendant's alleged sexual battery of T.B. in 2015 at T.B.'s mother's house in Hammond (the Hammond incident). The second warrant was for the defendant's alleged human trafficking of T.B. in 2016 when he took her from Hammond to Mississippi to have sex with her (the Mississippi incident).

T.B., 19 years old at the time of trial, testified the defendant was her grandfather. She stated when she was 12 years old,[2] "stuff" happened at her mother's house in Hammond. She explained that she was in the bathtub when Rene Johnson, her mother's boyfriend, knocked on the door and said he had to use the bathroom.

---

[1] As the charged crime is a sex offense, we reference the victim and immediate family members by their initials only. *See* La. R.S. 46:1844(W).

[2] T.B. was born on October 16, 2002. She testified the Hammond incident occurred "during the summer" when she was 12 years old.

Then, Mr. Johnson, T.B.'s mother, and the defendant came into the bathroom. After T.B. got out of the bathtub, the defendant instructed her to go into her mother's bedroom and lay on the bed. T.B. complied and the defendant then inserted his finger into her vagina. T.B. testified that both her mother and Mr. Johnson were standing at the bedroom door looking at her when this occurred.

On cross examination, defense counsel asked T.B. if she remembered being interviewed in 2016 (when she was 13 years old) by Kelsey Hoopes, a licensed professional counselor at the Hammond Child Advocacy Center. She said she did and remembered that her "lengthy description" during that interview focused on events involving her grandmother's boyfriend, who had sexually abused her while she was at her grandmother's house in Baton Rouge. She also remembered telling Ms. Hoopes about the Mississippi incident involving the defendant during the interview, but acknowledged that she did not mention the 2015 Hammond incident. Despite such, T.B. confirmed that the Hammond incident occurred. Notably, the State introduced a recording of T.B.'s 2016 interview in conjunction with Ms. Hoope's testimony at trial, and the recording was played before the jury.

M.B., who is both T.B.'s mother and the defendant's daughter, also testified at trial. She first testified that she was "not quite sure about" T.B.'s allegations against the defendant because she "never saw" anything happen between them at her house in Hammond. On cross examination, M.B. again denied seeing the defendant sexually abuse T.B. and answered "yes" when asked if T.B. was a liar.

Mr. Johnson testified that the defendant would stop by the Hammond house once or twice a week. Mr. Johnson denied seeing the defendant sexually assault T.B. and specifically denied seeing an incident where T.B. was taking a bath and the defendant entered the bathroom. Mr. Johnson noted that the defendant was not around T.B. very often because T.B. lived elsewhere.

Lastly, the defendant testified in his own defense. At the time of trial, he was 72 years old, a father of 10 children, a grandfather of 15 children, a Vietnam War veteran, a truck driver for 35 years, and, employed on a farm. The defendant testified

3

he visited his daughter M.B. when she lived in Hammond in 2015, but he seldom saw T.B., as she lived with her grandmother in Baton Rouge. When asked whether he inappropriately touched T.B., the defendant expressly denied the allegations.

## SUFFICIENCY OF THE EVIDENCE

In his first assignment of error, the defendant argues the trial court erred in denying his motions for new trial and post-verdict judgment of acquittal, because the evidence was insufficient to support his conviction.[3] He contends that T.B. provided the only evidence that he committed a crime and that her testimony was uncorroborated and contradicted by other witnesses.

A conviction based on insufficient evidence cannot stand, as it violates due process. *See* U.S. Const. amend. XIV, La. Const. art. I, §2. The due process standard does not require the reviewing court to determine whether it believes the witnesses or whether it believes the evidence establishes guilt beyond a reasonable doubt. *State v. Mire*, 2014-2295 (La. 1/27/16), 269 So.3d 698, 703 (*per curiam*). Rather, the standard of review for sufficiency of the evidence to support a conviction is whether, viewing the evidence in the prosecution's favor, any rational trier of fact could have found that the State proved the crime's essential elements and the defendant's identity as the perpetrator beyond a reasonable doubt. *See* La. C.Cr.P. art. 821(B); *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *State v. Oliphant*, 2013-2973 (La. 2/21/14), 133 So.3d 1255, 1258-59 (*per curiam*); *State v. Bessie*, 2021-1117 (La. App. 1 Cir. 4/8/22), 342 So.3d 17, 22, *writ denied*, 2022-00846 (La. 9/20/22), 346 So.3d 802. When analyzing circumstantial evidence, La. R.S. 15:438 provides that the factfinder must be satisfied the overall evidence excludes every reasonable hypothesis of innocence. *Oliphant*, 133 So.3d at 1258.

---

[3] We note that the question of the legal sufficiency of evidence is properly raised by a motion for post-verdict judgment of acquittal, not a motion for new trial. *See* La. C.Cr.P. art. 821. An appellate court reviews a ruling on a motion for new trial only for errors of law. *See* La. C.Cr.P. art. 858; *State v. Bourg*, 2019-00038 (La. 12/11/19), 286 So.3d 1005, 1007-08. Accordingly, the only issue reviewable in this assignment of error is the constitutional issue of sufficiency of the evidence, which was raised in the defendant's motion for post-verdict judgment of acquittal. *See State v. Anthony*, 2023-0117 (La. App. 1 Cir. 11/3/23), 378 So.3d 766, 770, n.3, *writ denied*, 2024-00027 (La. 5/21/24), 385 So.3d 242.

Pertinent herein, La. R.S. 14:89.1(A)(2)(a) defines aggravated crime against nature as "[t]he engaging in any prohibited act enumerated in Subparagraph (b) of this Paragraph with a person who is under eighteen years of age and who is known to the offender to be related to the offender as any of the following biological, step, or adoptive relatives: ... grandchild of any degree[.]" Louisiana Revised Statutes 14:89.1(A)(2)(b)(i) includes "sexual battery" as one of the aforementioned prohibited acts. Further, La. R.S. 14:43.1(A)(2) defines "sexual battery" as "the intentional touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender, ... when ... [t]he victim has not yet attained fifteen years of age and is at least three years younger than the offender." Aggravated crime against nature and sexual battery are general intent crimes; thus, the only intent necessary to sustain a conviction is established by the very doing of the proscribed act. *See* La. R.S. 14:10(2); *State v. Boudreaux*, 2023-0993 (La. App. 1 Cir. 4/19/24), 390 So.3d 345, 355. General criminal intent is present whenever there is specific intent, and also when the circumstances indicate that the offender, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act. La. R.S. 14:10(2).

It is well-settled that, if found credible, a sex offense victim's testimony alone is sufficient to establish the elements of the offense, even though the State introduces no medical, scientific, or physical evidence to prove the defendant's commission of the offense. *State v. Mangrum*, 2020-0243 (La. App. 1 Cir. 2/22/21), 321 So.3d 986, 992, *writ denied*, 2021-00401 (La. 10/1/21), 324 So.3d 1050. Further, where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of witness credibility, the matter is one of the weight of the evidence, not its sufficiency. *State v. Smith*, 2022-0231 (La. App. 1 Cir. 11/4/22), 354 So.3d 697, 702. An appellate court errs by substituting its appreciation of the evidence and credibility of witnesses for that of the factfinder and thereby overturning a verdict on the basis of an exculpatory hypothesis of innocence presented to, and rationally

5

rejected by, the jury. *See State v. Calloway*, 2007-2306 (La. 1/21/09), 1 So.3d 417, 418 (*per curiam*). The fact that the record contains evidence that conflicts with the testimony accepted by a trier of fact does not render the accepted evidence insufficient. *Smith*, 354 So.3d at 702.

After a thorough review of the record, we find that a rational trier of fact, viewing the evidence presented at trial in the State's favor, could find the evidence proved beyond a reasonable doubt, and to the exclusion of every reasonable hypothesis of innocence, that the defendant committed the offense of aggravated crime against nature -- specifically, that he committed a sexual battery against T.B. During trial, T.B. positively identified the defendant, her grandfather, as the individual who instructed her to lay on her mother's bed, who inserted his finger into her vagina, and that the act occurred at her mother, M.B.'s, house in Hammond. T.B. testified that she was 12 years old in 2015, when the Hammond incident occurred; and, the defendant, who stated he knew T.B. was his granddaughter, testified he was 65 years old in 2015. This testimony alone satisfies the statutory elements of the offense of aggravated crime against nature. The verdict rendered in this case indicates the jury believed T.B. and did not believe the defendant, M.B., or Mr. Johnson.[4] As the factfinder, the jury credited T.B.'s testimony and rejected the defendant's and the other witnesses' attempts to discredit her. When a jury reasonably rejects the hypothesis of innocence presented by the defendant, that hypothesis falls, and the defendant is guilty unless there is another hypothesis that raises a reasonable doubt. *State v. Jones*, 2016-1502 (La. 1/30/18), 318 So.3d 678, 682 (*per curiam*). No such hypothesis exists in this case.

Accordingly, in reviewing the evidence presented at trial, we cannot say the jury's determination that the defendant committed a sexual battery of his 12 year old granddaughter, and is therefore guilty of aggravated crime against nature, was

---

[4] At trial, T.B. testified that she was currently taking medications for bipolar disorder. Despite any mental health issues associated with T.B.'s diagnosis, the jury's verdict shows that the jury heard and weighed this evidence and found T.B. credible. *See State v. Edgar*, 2012-0744 (La. App. 4 Cir. 9/18/13), 140 So.3d 22, 33-34, *writ denied*, 2013-2452 (La. 4/4/14), 135 So.3d 638 (rejecting defendant's argument that the victim's testimony was not credible because of her mental illness and delusional statements she made during trial).

irrational under the facts and circumstances presented. *See State v. Ordodi,* 2006-0207 (La. 11/29/06), 946 So.2d 654, 662. To otherwise accept a hypothesis of innocence that was not unreasonably rejected by the factfinder, an appellate court impinges on a factfinder's discretion beyond the extent necessary to guarantee the fundamental protection of due process of law. *See Mire,* 269 So.3d at 703. Accordingly, this assignment of error lacks merit.

## OTHER CRIMES EVIDENCE

In his third assignment of error, the defendant claims the trial court erred in allowing other crimes evidence to be used against him at trial.

Prior to trial, the State filed a notice of intent to use other crimes evidence under the provisions of La. C.E. art. 412.2. Therein, the State sought to introduce evidence that the defendant was arrested on December 29, 2018, for sexually assaultive behavior against M.B., that the defendant had sexual intercourse with M.B. on September 22, 2018, while at a hotel in Georgia, and that the defendant committed sexual acts with M.B. while she was a minor. Additionally, the State sought to introduce evidence concerning alleged sexual acts between defendant and V.B., M.B.'s sister and T.B.'s aunt.[5] Lastly, the State sought to introduce evidence that T.B. also disclosed other sexual acts committed against her by the defendant, as well as other individuals, including incidents that occurred in parishes outside the jurisdiction of the 21st Judicial District Court and in Mississippi.

At a pre-trial conference, the defendant requested a *Prieur*[6] hearing in response to the State's notice and particularly asserted that the evidence of the defendant's sexually assaultive behavior against M.B. was irrelevant, as M.B. was currently not a minor. The defendant did not contest the State's introduction of evidence of any sexual acts committed against T.B. by the defendant while in Mississippi. Ultimately, the trial court denied the defendant's request for a *Prieur* hearing and denied any limitation of such evidence, stating:

---

[5] V.B. did not testify at trial and this evidence as to V.B. was not introduced.

[6] *State v. Prieur,* 277 So.2d 126 (La. 1973).

7

I think because of the – what I'm hearing about the relationships of these witnesses and the alleged victim in this matter to [the defendant], I think because of that and the allegation by the State that two of these or one of these witnesses is going to testify that this occurred when she was a child, but the relationship is also an important factor in this, the blood relation between these individuals allegedly. ... I think that the probative value potentially outweighs the prejudice in this matter, and the allegations of what [the State] intends to elicit from these witnesses is certainly potentially relevant.

After the trial court's ruling, defense counsel asked that her objection be noted.

Evidence of other crimes is generally inadmissible in the guilt phase of a criminal trial, unless the probative value of the evidence outweighs its prejudicial effect and unless other safeguards are met. *State v. Johnson*, 94-1379 (La. 11/27/95), 664 So.2d 94, 99. This general rule ensures that a defendant who has committed other crimes will not be convicted of a present offense simply because he is perceived as a "bad person," irrespective of the evidence of his guilt or innocence. *Id.* A conviction should be based on guilt and not character. *Id.* However, in 2001, the legislature enacted La. C.E. art. 412.2[7] to loosen restrictions on "other crimes" evidence and to allow evidence of "lustful disposition" in cases involving sexual offenses. *State v. Lafont*, 2023-0086 (La. App. 1 Cir. 9/15/23), 375 So.3d 1002, 1007-08. In 2004, the legislature amended La. C.E. art. 412.2's language from allowing admission of "evidence of the accused's commission of another sexual offense," to allowing "evidence of the accused's commission of another crime, wrong, or act involving sexually assaultive behavior or acts which indicate a lustful disposition toward children[.]" *See* 2004 La. Acts, No. 465, §1. This revised language significantly broadened the scope of evidence admissible under La. C.E. art. 412.2. However, the balancing test set forth in La. C.E. art. 403, which insures the fundamental fairness of the proceedings, specifically applies to La. C.E. art. 412.2. *LaFont*, 375 So.3d at 1008.

---

[7] Louisiana Code of Evidence article 412.2(A) currently provides:

When an accused is charged with a crime involving sexually assaultive behavior, or with acts that constitute a sex offense involving a victim who was under the age of seventeen at the time of the offense, evidence of the accused's commission of another crime, wrong, or act involving sexually assaultive behavior or acts which indicate a lustful disposition toward children may be admissible and may be considered for its bearing on any matter to which it is relevant subject to the balancing test provided in Article 403.

Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or waste of time. La. C.E. art. 403. Thus, in its vast discretion, the trial court may exclude relevant evidence after finding that its prejudicial effect substantially outweighs its probative value. Ultimately, questions of relevancy and admissibility of evidence are discretionary calls within the trial court's gatekeeping function. An appellate court should not overturn such determinations regarding relevancy and admissibility absent an abuse of discretion. *Lafont*, 375 So.3d at 1008.

During trial, T.B. testified the defendant took her to his house in Mississippi later in the summer after the Hammond incident occurred. While at the defendant's house, T.B. took a shower but could not find a towel. When she asked the defendant for one, he instructed her to come to his room, where he placed T.B. on the bed, put lotion on his finger, and inserted it into her vagina. T.B. also stated that later that night, the defendant tied her to his bed and had sex with her, telling T.B. that if she told anyone, he would kill her. In 2016, T.B. told Ms. Hoopes, the Child Advocacy Center interviewer, about the Mississippi incident. Additionally, the State elicited testimony from M.B., who stated that, when she was around eight or nine years old, the defendant would pull her out of bed, stand her up in the hallway, and "finger" her. M.B. testified this behavior continued until she was 15 years old, and then escalated to sexual intercourse between her and the defendant.

After review, we find no abuse of the trial court's discretion in allowing the State to elicit the above testimony at trial. This evidence was relevant to show the defendant's lustful disposition toward children and his propensity toward digitally penetrating members of his own biological family. The probative value of this evidence was not substantially outweighed by its prejudicial effect. Accordingly, this assignment of error lacks merit.

**EXCESSIVE SENTENCE**

In his second assignment of error, the defendant contends the trial court erred by imposing the statutory maximum sentence of 99 years imprisonment for a single count of aggravated crime against nature against a juvenile under the age of 13.

**Patent Error Review**

Before addressing this assignment of error, we first determine whether a patent sentencing error exists. Under La. C.Cr.P. art. 920(2), this Court routinely conducts a review of all appeals for error discoverable by mere inspection of the pleadings and proceedings and without inspection of the evidence. *State v. Anthony*, 2023-0117 (La. App. 1 Cir. 11/3/23), 378 So.3d 766, 775, *writ denied*, 2024-00027 (La. 5/21/24), 385 So.3d 242.

Louisiana Code of Criminal Procedure article 873[8] requires that sentencing in a felony case be delayed at least 24 hours after the denial of a motion for new trial, or a motion in arrest of judgment, unless the defendant expressly waives the delay or pleads guilty. Absent the defendant's waiver or guilty plea, this Court has properly noted patent error in a trial court's failure to observe this 24-hour delay after the denial of a motion for new trial, because such violates the express language of La. C.Cr.P. art. 873. *See, e.g., State v. Mangrum*, 321 So.3d at 1003; *State v. Armentor*, 2019-1267 (La. App. 1 Cir. 7/31/20), 309 So.3d 762, 772, *writ denied*, 2020-01032 (La. 2/17/21), 310 So.3d 1149; *State v. Miller*, 2018-0767 (La. App. 1 Cir. 4/12/19), 276 So.3d 175, 176-77; *State v. Maurer*, 2013-1643 (La. App. 1 Cir. 3/21/14), 2014 WL 1167511, *6; *State v. Bonin*, 2006-0974 (La. App. 1 Cir. 12/28/06), 2006 WL 3813698, *7; and *State v. Denham*, 2001-0400 (La. App. 1 Cir. 12/28/01), 804 So.2d 929, 932, *writ denied*, 2002-0393 (La. 1/24/03), 836 So.2d 37.

---

[8] Louisiana Code of Criminal Procedure article 873 provides:

> If a defendant is convicted of a felony, at least three days shall elapse between conviction and sentence. If a motion for a new trial, or in arrest of judgment, is filed, sentence shall not be imposed until at least twenty-four hours after the motion is overruled. If the defendant expressly waives a delay provided for in this article or pleads guilty, sentence may be imposed immediately.

Often, as herein, a defendant who files a motion for new trial under La. C.Cr.P. art. 851,[9] will also file a motion for post-verdict judgment of acquittal, as allowed by La. C.Cr.P. art. 821.[10] In some cases, this Court has found that a trial court's failure to observe La. C.Cr.P. art. 873's 24-hour sentencing delay after the denial of *both* motions constitutes patent error, even though La. C.Cr.P. art. 873 does not explicitly require such a delay after denial of a motion for post-verdict judgment of acquittal. *See, e.g., State v. Landry,* 2019-0486 (La. App. 1 Cir. 2/21/20), 297 So.3d 8, 22; *State v. Carter,* 2014-0742 (La. App. 1 Cir. 3/25/15), 167 So.3d 970, 979-80; *State v. Thompson,* 2010-2254 (La. App. 1 Cir. 6/10/11), 2011 WL 3423798, *1; and *State v. Jones,* 97-2521 (La. App. 1 Cir. 9/25/98), 720 So.2d 52, 53.[11]

---

[9] Louisiana Code of Criminal Procedure article 851 provides:

> A. The motion for a new trial is based on the supposition that injustice has been done the defendant, and, unless such is shown to have been the case the motion shall be denied, no matter upon what allegations it is grounded.
> B. The court, on motion of the defendant, shall grant a new trial whenever any of the following occur:
> (1) The verdict is contrary to the law and the evidence.
> (2) The court's ruling on a written motion, or an objection made during the proceedings, shows prejudicial error.
> (3) New and material evidence that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before or during the trial, is available, and if the evidence had been introduced at the trial it would probably have changed the verdict or judgment of guilty.
> (4) The defendant has discovered, since the verdict or judgment of guilty, a prejudicial error or defect in the proceedings that, notwithstanding the exercise of reasonable diligence by the defendant, was not discovered before the verdict or judgment.
> (5) The court is of the opinion that the ends of justice would be served by the granting of a new trial, although the defendant may not be entitled to a new trial as a matter of strict legal right.
> (6) The defendant is a victim of human trafficking or trafficking of children for sexual purposes and the acts for which the defendant was convicted were committed by the defendant as a direct result of being a victim of the trafficking activity.

[10] Louisiana Code of Criminal Procedure article 821 pertinently provides:

> A. The defendant may move for a post verdict judgment of acquittal following the verdict. A motion for a post verdict judgment of acquittal must be made and disposed of before sentence.
> B. A post verdict judgment of acquittal shall be granted only if the court finds that the evidence, viewed in a light most favorable to the state, does not reasonably permit a finding of guilty.
> C. If the court finds that the evidence, viewed in a light most favorable to the state, supports only a conviction of a lesser included responsive offense, the court, in lieu of granting a post verdict judgment of acquittal, may modify the verdict and render a judgment of conviction on the lesser included responsive offense.

[11] In applying La. C.Cr.P. art. 873's 24-hour sentencing delay to a motion for post-verdict judgment of acquittal, this Court has often cited to *State v. Wilson,* 526 So.2d 348, 350 (La. App. 4 Cir. 1988), *writ denied,* 541 So.2d 851 (La. 1989). *See, e.g., Landry,* 297 So.3d at 22, n.5; *State v. Isaac,* 2014-0758 (La. App. 1 Cir. 1/27/15), 2015 WL 410328, *2, n.4, *writ denied,* 2015-0470 (La. 4/8/16), 191 So.3d 582; and *State v. Roberts,* 2012-1555 (La. App. 1 Cir. 4/26/13), 116 So.3d 754, 760, *writs denied,* 2013-1204 and 2013-1215 (La. 12/6/13), 129 So.3d 528. In *Wilson,* the Fourth Circuit stated, without citation of authority or reasoning, that a "trial court's failure to delay after denying a motion for a new trial or after denying a motion for post verdict judgment of acquittal *should be analogously treated.*" (Emphasis

In still other cases, a defendant has *only* filed a motion for post-verdict judgment of acquittal, but this Court has still found that the trial court's failure to observe La. C.Cr.P. art. 873's 24-hour sentencing delay after the denial of such a motion constitutes patent error. *See, e.g., State v. Logan*, 2019-0590 (La. App. 1 Cir. 7/20/20), 2020 WL 4048059, *4; *State v. Wicker*, 2010-0705 (La. App. 1 Cir. 10/29/10), 2010 WL 4272981, *3, *writ denied*, 2010-2658 (La. 4/25/11), 62 So.3d 87; and *State v. Coates*, 2000-1013 (La. App. 1 Cir. 12/22/00), 774 So.2d 1223, 1226. And, in at least one case, when a defendant specifically assigned the trial court's failure to observe La. C.Cr.P. art. 873's 24-hour sentencing delay after denial of a motion for post-verdict judgment of acquittal as error, this Court found the delay applicable. *See State v. Sullivan*, 2022-0561 (La. App. 1 Cir. 11/17/22), 356 So.3d 1075, 1078.

Notably, La. C.Cr.P. art. 821 *only* requires that a motion for post-verdict judgment of acquittal be "made and disposed of before" sentencing and *does not* require any delay between the denial of the motion and sentencing. Thus, in a case where the only post-trial motion filed is a motion for post-verdict judgment of acquittal, neither the express language of La. C.Cr.P. art. 821 nor the express language of La. C.Cr.P. art. 873 requires a 24-hour delay between the denial of the motion and sentencing.[12]

In the present case, the defendant filed a motion for new trial and a separate motion for post-verdict judgment of acquittal on the same day, July 1, 2022. On July 7, 2022, the trial court denied the motion for new trial and set the motion for post-verdict judgment of acquittal for a hearing on July 13, 2022; later, the trial court continued the latter motion to the date of the sentencing hearing, August 2, 2022. During the sentencing hearing, the trial court denied the defendant's motion for post-

---

added.) In light of the unambiguous language of La. C.Cr.P. arts. 821 and 873 (the first requiring no delay and the second requiring a delay for only certain motions), we now respectfully disagree that such analogous treatment is permissible. Thus, to the extent this Court has followed *Wilson*, we conclude such was error. We also note later Fourth Circuit cases appear to conflict with *Wilson*, including *State v. Robinson*, 2010-0885 (La. App. 4 Cir. 12/21/10), 54 So.3d 1208, 1211-12 and *State v. Scott*, 98-2642 (La. App. 4 Cir. 2/16/00), 754 So.2d 1108, 1109, *writ denied*, 2000-0723 (La. 9/29/00), 769 So.2d 1219.

[12] We observe that a trial court's complete failure to rule on a motion for post-verdict judgment of acquittal before sentencing is a patent error requiring that the defendant's sentence be vacated. *State v. Pursell*, 2004-1775 (La. App. 1 Cir. 5/6/05), 915 So.2d 871, 873.

verdict judgment of acquittal, then asked whether there was any applicable delay, at which point the State responded, "Just for the motion for new trial, Judge, and that has already been denied." The trial court then proceeded to sentence the defendant.

In accordance with La. C.Cr.P. art. 873, the trial court correctly waited at least 24 hours after ruling on the defendant's motion for new trial before sentencing him. And, in accordance with La. C.Cr.P. art. 821, the trial court also correctly disposed of the defendant's motion for post-verdict judgment of acquittal before sentencing him. However, under current First Circuit jurisprudence, including *Logan*, *Wicker*, and *Coates*, this Court would find the trial court's failure to wait at least 24 hours between denial of the defendant's motion for post-verdict judgment of acquittal and sentencing, without defendant's waiver of the delay, to constitute patent error. And, under *Sullivan*, this Court would find merit in an assignment of error challenging a sentence because it was imposed without a 24-hour delay after the denial of a motion for post-verdict judgment of acquittal or the defendant's waiver of the delay. However, as discussed below, we now conclude the application of La. C.Cr.P. art. 873's 24-hour sentencing delay to a ruling on a motion for post-verdict judgment of acquittal is legally incorrect.

The interpretation of any statute begins with the language of the statute itself. *State v. Shaw*, 2006-2467 (La. 11/27/07), 969 So.2d 1233, 1242. When a statute is clear and unambiguous, and its application does not lead to absurd consequences, the statute must be applied as written, with no further interpretation made in search of the legislature's intent. La. C.C. art. 9; *Auricchio v. Harriston*, 2020-01167 (La. 10/10/21), 332 So.3d 660, 662-63. The clear and unambiguous language of La. C.Cr.P. art. 821 requires that a motion for post-verdict judgment of acquittal "be made and disposed of before sentence." The clear and unambiguous language of La. C.Cr.P. art. 873 requires that the trial court delay sentencing until at least 24 hours after the denial of motion for new trial, or in arrest of judgment, but La. C.Cr.P. art. 873's clear and unambiguous language *does not* require the same delay after the denial of a motion for post-verdict judgment of acquittal. Because these statutes are clear, and

13

their application as written leads to no absurd consequences, we look no further for the legislature's intent in enacting statutes requiring sentencing delays after denial of certain motions but not after others. *See Auricchio*, 332 So.3d at 662-63. Thus, a trial court's failure to apply La. C.Cr.P. art. 873's 24-hour sentencing delay between the denial of a motion for post-verdict judgment of acquittal and sentencing is neither a patent error nor a valid basis to vacate a sentence when assigned as error.[13] We therefore overrule *Logan, Wicker, Coates,* and *Sullivan,* to the extent these cases conflict with our holding here.[14]

Finding no error in the trial court's failure to observe a 24-hour sentencing delay following the denial of the defendant's motion for post-verdict judgment of acquittal, we turn now to whether the sentence imposed was unconstitutionally excessive.

**Excessive Sentence Analysis**

The Eighth Amendment to the United States Constitution and Louisiana Constitution article I, §20 prohibit the imposition of cruel or excessive punishment. A sentence within statutory limits may still be considered excessive if it is grossly disproportionate to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, the sentence shocks the sense of justice. *State v. Anderson*, 2022-

---

[13] In cases where this Court has noted patent error in the trial court's failure to observe La. C.Cr.P. art. 873's 24-hour sentencing delay after a post-trial motion, this Court has sometimes found the error to be harmless because the defendant could not show he suffered prejudice from the error and did not challenge his sentence on appeal, following *State v. Augustine*, 555 So.2d 1331, 1333-34 (La. 1990). *See, e.g., Landry*, 297 So.3d at 22; *Wicker*, 2010 WL 4272981 at *3; and *Coates*, 774 So.2d at 1226. Our holding herein, limited to a motion for post-verdict judgment of acquittal, does not affect the harmless error analysis as it applies to a trial court's failure to observe La. C.Cr.P. art. 873's 24-hour delay after denying a motion for new trial or a motion in arrest of judgment.

[14] We note other Louisiana appellate courts have inconsistently applied La. C.Cr.P. art. 873's 24-hour sentencing delay to a motion for post-verdict judgment of acquittal. *See, e.g., State v. Lambert*, 52,004 (La. App. 2 Cir. 5/23/18), 248 So.3d 621, 632-33 n.11 (stating that all circuits apply the 24-hour sentencing delay to a motion for post-verdict judgment of acquittal); and *Wilson*, 526 So.2d at 350 (applying the 24-hour sentencing delay to a motion for post verdict judgment of acquittal – see footnote 10 herein). *But see State v. Toby*, 2022-386 (La. App. 3 Cir. 3/8/23), 358 So.3d 289, 303-04 & n.6, *writ denied*, 2023-00491 (La. 12/5/23), 373 So.3d 714 and n.6 (noting it is "unclear" whether the 24-hour sentencing delay applies to a motion for post-verdict judgment of acquittal and citing conflicting cases); *State v. Robinson*, 2010-0885 (La. App. 4 Cir. 12/21/10), 54 So.3d 1208, 1211-12 (expressly stating the 24-hour sentencing delay does not apply to a motion for post-verdict judgment of acquittal); and *State v. Nicholas*, 2010-866 (La. App. 5 Cir. 5/24/11), 67 So.3d 610, 617 n.20 (applying the 24-hour sentencing delay to a motion for post-verdict judgment of acquittal and noting a "split in the circuits" on the issue).

0587 (La. App. 1 Cir. 12/22/22), 357 So.3d 845, 852, *writ denied*, 2023-00352 (La. 9/6/23), 369 So.3d 1267. The trial court has great discretion in imposing a sentence within the statutory limits, and such a sentence will not be set aside as excessive in the absence of an abuse of discretion. Louisiana Code of Criminal Procedure article 894.1 sets forth the factors for the trial court to consider when imposing a sentence. While the entire checklist of La. C.Cr.P. art. 894.1 need not be recited, the record must reflect the trial court adequately considered the criteria. The trial court should review the defendant's personal history, his prior criminal record, the seriousness of the offense, the likelihood that he will commit another crime, and his potential for rehabilitation through correctional services other than confinement. On appellate review, the relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. *Anderson*, 357 So.3d at 852.

Whoever commits the crime of aggravated crime against nature with a victim under the age of 13 years shall be punished by imprisonment at hard labor for not less than 25 nor more than 99 years. At least 25 years of the sentence imposed shall be served without benefit of parole, probation, or suspension of sentence. La. R.S. 14:89.1(A)(2) and (C)(2). Herein, the evidence adduced at trial established the defendant began to sexually abuse his granddaughter when she was 12 years old. In mitigation, the defendant argued his advanced age and health concerns warranted a downward departure from the statutory minimum sentence of 25 years. The trial court, after presiding over the trial and hearing evidence from both the State and the defendant, imposed a sentence of 99 years imprisonment at hard labor, with 25 years to be served without benefit of probation, parole, or suspension of sentence.

We find no abuse of discretion in the trial court's sentence. Initially, we note that, while the trial court sentenced the defendant to 99 years imprisonment, the trial court also imposed the statutory minimum of 25 years to be served without benefit of parole, probation, or suspension of sentence. Moreover, the evidence established the defendant inserted his finger into his own adolescent, biological granddaughter's

15

vagina. He abused a position of trust for his own perverted sexual interests without regard to the lifelong harm he could cause to the victim. It is clear from the nature of this offense, the defendant is in need of correctional treatment and that a lesser sentence would deprecate the seriousness of the defendant's crime. *See* La. C.Cr.P. art. 894.1(A)(2), (A)(3), (B)(1), (B)(4), and (B)(12). This assignment of error is without merit.

## CONCLUSION

For the foregoing reasons, we find that the clear and unambiguous language of La. C.Cr.P. art. 821 requires that a motion for post-verdict judgment of acquittal be made and disposed of before sentence. We also find the clear and unambiguous language of La. C.Cr.P. art. 873 requires that the trial court delay sentencing until at least 24 hours after a denial of a motion for new trial, or in arrest of judgment. We thus hold that the 24-hour sentencing delay required by La. C.Cr.P. art. 873 does not apply to a motion for post-verdict judgment of acquittal. In this case, the trial court's failure to apply La. C.Cr.P. art. 873's 24-hour sentencing delay between the denial of the defendant's motion for post-verdict judgment of acquittal and sentencing was neither a patent error nor a valid basis to vacate a sentence when assigned as error. We overrule *Logan, Wicker, Coates, and Sullivan,* and any other prior First Circuit case, to the extent these cases conflict with our holding.

Additionally, having found no merit to the defendant's assignments of error regarding the sufficiency of evidence, his sentence, and the trial court's evidentiary rulings, we affirm the defendant's conviction and sentence.

## CONVICTION AND SENTENCE AFFIRMED.

16